## TEXAS & NEW ORLEANS RAILROAD COMPANY *v.* THE NORTHSIDE BELT RAILWAY COMPANY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT

No. 231.  Argued February 28, 1928.—Decided April 9, 1928.

1. A suit under paragraphs 18 to 20 of § 1 of the amended Act to Regulate Commerce, to enjoin a railroad company from prosecuting proceedings to condemn plaintiff's land and from constructing, maintaining, or operating a railroad over it, upon the ground

that the defendant has not obtained a certificate of public convenience and necessity from the Interstate Commerce Commission, is not to be held moot because judgment of condemnation has been entered and the railroad actually constructed over the land in question, where the line has not been completed or in any part operated, and could not, physically, be operated in . interstate commerce until completed. P. 478.

2. Where a defendant, with notice of the filing of a bill for an injunction, proceeds to complete the acts sought to be enjoined, the court may, by mandatory injunction, compel a restoration of the status quo. P. 479.

3. The Act to Regulate Commerce, § 1, pars. 18 to 22, does not apply to the building by wholly intrastate carriers of lines to be used wholly in intrastate commerce. P. 479.

4. A State cannot require a railroad corporation to engage in interstate commerce in violation of any law of the United States. P. 481.

5. A bill seeking to enjoin the construction and operation of a railroad over the plaintiff's land, upon the ground that paragraphs 18 to 20 of § 1 of the Act to Regulate Commerce have not been complied with, may be properly dismissed, without prejudice, where the line in question is to be a short terminal railroad extending wholly within the State from a private plant to another local railroad and is to be built and operated by a local corporation organized for the purpose, and where its use in interstate commerce has not been threatened and could not occur until the line has been completed. P. 482.

16 F. (2d) 782, affirmed.

CERTIORARI, 274 U. S. 734, to a decree of the Circuit Court of Appeals which affirmed, without deciding the merits, a decree of the District Court, 8 F. (2d) 153, dismissing without prejudice a bill to restrain the above-named respondent from prosecuting condemnation proceedings and building and operating a railroad over the petitioner's land.

*Mr. J. H. Tallichet,* with whom *Mr. H. M. Garwood* was on the brief, for petitioner.

*Messrs. W. W. Moore, J. Y. Powell,* and *Nelson Phillips* were on the brief for respondent.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Under the laws of Texas, Cullinan secured a charter for the Northside Belt Railway Company with power to build and operate, as a common carrier, a terminal railway from a private plant to another local railroad. The line was to be about five miles long and wholly within that State. The Northside Company instituted proceedings in a Texas court to acquire by condemnation a right of way, for a short distance, over unused land owned by the Texas & New Orleans Railroad Company, an interstate carrier. Thereupon, the latter brought, under paragraphs 18 to 22 of § 1 of the Act to Regulate Commerce as amended by Transportation Act, 1920, c. 91, § 402, 41 Stat. 456, 477–478, this suit in the federal court for southern Texas. The prayer was to enjoin the Northside Company from continuing the condemnation proceedings and also from constructing, maintaining or operating the railroad over the plaintiff's land. This relief was sought solely on the ground that the defendant had not obtained from the Interstate Commerce Commission the certificate of public convenience and necessity prescribed in those paragraphs of the Transportation Act.

A restraining order applied for upon the filing of the bill was denied. No application was made for an interlocutory injunction. The defendant answered that it was exclusively an intrastate carrier and as such was not subject to the Interstate Commerce Act. The case was fully heard on the merits by the District Court. It appeared that, before this suit was begun, judgment had been entered in the condemnation proceedings; that the amount of the compensation awarded had been paid into court (as provided by the law of the State); and that the Northside Company had entered into possession of the

premises taken. It appears that, before process was served upon the defendant, the line had been constructed over the strip of land in question. And it also appeared that, at the time of the hearing, the line had not yet been completed; that the defendant had not engaged or offered to engage in interstate commerce; and that it could not possibly engage in such commerce until the completion of its line.

The District Court found and held that the Northside Company was an intrastate carrier only; that its construction would not burden interstate commerce directly or indirectly; and that paragraphs 18 to 22 were not applicable to the construction of an intrastate railroad not yet engaging in interstate commerce. On that ground, the trial court denied the injunction and ordered the bill dismissed without prejudice to the right of the plaintiff " to hereafter apply for an injunction against the respondent if its activities in the future shall bring it properly within the purview " of those paragraphs. 8 F. (2d) 153.

The Circuit Court of Appeals affirmed the decree of the District Court, without passing upon the merits of the case. It held that the cause had become moot, because " the only relief prayed for was action by the court restraining the doing of things which have been done since the suit was brought." This conclusion was based on its own finding that " before the decree appealed from was entered, a judgment condemning said land was rendered in said condemnation suit, and appellee had constructed its railroad over said land and was operating the same." 16 F. (2d) 782. This Court granted a writ of certiorari. 274 U. S. 734.

The finding of fact upon which the Court of Appeals rested its judgment was clearly erroneous. There is no basis in the record for the finding that the railroad was in operation. The part of the railroad over the plaintiff's

land had been constructed; but the railroad had not been completed.   No part of it had been operated; and apparently it was physically impossible to operate it in interstate commerce until completed.   Paragraph 20 of § 402 specifically provides that unauthorized operation as well as construction may be enjoined.   Moreover, the facts erroneously found would not, if true, have rendered the case moot.   For where a defendant, with notice of the filing of a bill for an injunction, proceeds to complete the acts sought to be enjoined, the court may, by mandatory injunction, compel a restoration of the status quo. *Tucker* v. *Howard,* 128 Mass. 361, 363; *Town of Platteville* v. *Galena & Southern Wisconsin R. R. Co.,* 43 Wis. 493, 506–507.

The decree of the District Court was, however, properly affirmed for the reason indicated by that court.   The purpose of paragraphs 18 to 22 is to prevent interstate carriers from weakening themselves by constructing or operating superfluous lines, and to protect them from being weakened by another carrier's operating in interstate commerce a competing line not required in the public interest.   See *Railroad Commission of Wisconsin* v. *Chicago, Burlington & Quincy R. R. Co.,* 257 U. S. 563; *The Chicago Junction Case,* 264 U. S. 258; *Railroad Commission of California* v. *Southern Pacific Co.,* 264 U. S. 331; *Texas & Pacific Ry. Co.* v. *Gulf, Colorado & Santa Fe Ry Co.,* 270 U. S. 266; *Alabama & Vicksburg Ry. Co.* v. *Jackson & Eastern Ry. Co.,* 271 U. S. 244. Compare *Colorado* v. *United States,* 271 U. S. 153.   The mere fact that a railroad lies wholly within one State and is to be built by an independent corporation, does not, of course, prevent the application of paragraphs 18 to 22. If it undertakes to engage in interstate commerce, its operation becomes immediately a matter of national concern and it comes within the purview of those para-

graphs.[1]   But Congress did not in terms prohibit wholly
intrastate carriers from building lines to be used wholly
in intrastate commerce.   As long as the Northside Com-
pany confines its operations to intrastate commerce, it
will not violate the federal law.   Compare *Texas* v. *East-*
*ern Texas R. R. Co.*, 258 U. S. 204; *Railroad Commission*
*of Texas* v. *Eastern Texas R. R. Co.*, 264 U. S. 79.

---

[1] In the following cases the Interstate Commerce Commission has
granted or denied certificates of convenience and necessity for the
construction and operation of a new line, built by a corporation not
theretofore a carrier subject to the Interstate Commerce Act, and
lying wholly within the limits of one state: Application of Michigan
Northern R. R. Co., 65 I. C. C. 480, 72 I. C. C. 21; Application of
Coon Bayou & Arkansas City Ry. Co., 65 I. C. C. 701; Application
of Uvalde & Northern Ry. Co., 67 I. C. C. 204, 554; Application of
Golden Belt R. R., 67 I. C. C. 370, 70 I. C. C. 73, 71 I. C. C. 233, 99
I. C. C. 135; Application of Detroit & Ironton R. R. Co., 67 I. C. C.
600; Application of Flint Belt R. R. Co., 70 I. C. C. 292; Application
of New Holland, Higginsport & Mount Vernon R. R. Co., 71 I. C. C.
119; Application of Kansas & Oklahoma Southern Ry. Co., 71 I. C. C.
130, 90 I. C. C. 349, 553; Application of Mingo Valley R. R. Co., 71
I. C. C. 139, 82 I. C. C. 797; Application of Osage Ry. Co., 71 I. C. C.
160; Application of National Line R. R. Co., 71 I. C. C. 556; Appli-
cation of Shreveport & Northeastern Ry. Co., 71 I. C. C. 586; Con-
struction of Line by Eastern Maine, 72 I. C. C. 39; Construction by
Nashville & Atlantic R. R., 72 I. C. C. 655; Construction of Line by
Carbon County Ry., 76 I. C. C. 485; Construction of Line by Pacific
Southwestern R. R., 76 I. C. C. 488; Construction of Line by Utah
Central R. R., 76 I. C. C. 737; Construction of Line by Jefferson
Southwestern, 76 I. C. C. 778, 86 I. C .C. 796, 90 I. C. C. 512, 94
I. C. C. 656, 111 I. C. C. 105, 124 I. C. C. 649; Construction of Line
by Longview, Portland & Northern, 79 I. C. C. 805, 90 I. C. C. 303;
Construction of Line by American Niagara R. R., 82 I. C. C. 420;
Construction of Line by Kansas & Missouri Ry. & Terminal Co., 82
I. C. C. 612; Construction and Operation by Arkansas Short Line,
82 I. C. C. 651; Construction of Line by Mississippian Ry., 82
I. C. C. 698; Construction of Line by Wenatchee Southern Ry. Co.,
90 I. C. C. 237, 94 I. C. C. 673, 99 I. C. C. 349, 105 I. C. C. 347;
Construction of Line by Rio Grande City Ry. Co., 90 I. C. C. 583,

The plaintiff admits that operation of the Northside line has not begun.    But it insists that under the laws of Texas every common carrier not only may, but must, if requested, engage also in interstate business, and it argues that this makes the Northside Company subject to the Interstate Commerce Act.    Texas Rev. Stat. 1925, Art. 6407.    Obviously, the law of Texas could not require the

---

94 I. C. C. 323, 655; Proposed Construction by Nueces Valley, Rio Grande & Gulf R. R. Co., 90 I. C. C. 616; Proposed Construction by Rio Grande City & Northern Ry., 90 I. C. C. 689; Proposed Construction and Acquisition by Morgantown & Wheeling R. R. Co., 94 I. C. C. 372; Proposed Construction of Line by Colorado, Columbus & Mexican R. R., 94 I. C. C. 676; Construction of Line by Quebec Extension Ry. Co., 99 I. C. C. 93, 189, 111 I. C. C. 621; Construction of Line by Graham County R. R. Co., 99 I. C. C. 264; Construction and Operation of Los Angeles Junction Ry., 99 I. C. C. 287, 111 I. C. C. 433, 124 I. C. C. 703; Construction of Line by National Coal Ry. Co. 99 I. C. C. 569; Construction of Line by Mississippi & Schoona Valley R. R. Co., 99 I. C. C. 606; Construction of Line by Oklahoma & Rich Mountain R. R. Co., 105 I. C. C. 559; Proposed Construction by Detroit Connecting R. R., 105 I. C. C. 657; Proposed Construction by Detroit Grand Belt R. R. Co., 105 I. C. C. 669; Construction of Line of Railroad by State of Alabama, 105 I. C. C. 673; Construction of Line by West Pittston-Exeter R. R., 111 I. C. C. 626, 117 I. C. C. 315; Construction of Line by Northern Oklahoma Rys., 111 I. C. C. 765; Construction of Line by Lowell & Southern R. R. Co., 117 I. C. C. 1; Construction of Line by Rio Grande, Micolithic & Northern Ry., 117 I. C. C. 19; Construction of Line by Southern Kansas Industrial Belt Ry. Co., 117 I. C. C. 210; Proposed Construction of Line by Perry & Southeastern Ry., 124 I. C. C. 341.    In Construction of Line by Grand Prairie & Northern R. R., 76 I. C. C. 437, the Commission dismissed an application by a wholly intrastate line intending to engage exclusively in intrastate business.    In Construction of Line by Jefferson Southwestern, 86 I. C. C. 796, 799, the Commission said that the fact that a proposed line of railroad was already in part constructed for use in intrastate commerce could have no bearing on its decision with regard to granting or denying a certificate.    " So far as interstate commerce is concerned, the proposed line does not exist."

318°—28——31

Northside Company to engage in interstate commerce, if by doing so it violated any law of the United States. Compare *Cleveland, Cincinnati, Chicago, & St. Louis Ry. Co.* v. *United States,* 275 U. S. 404. Here, there was as yet no threat to use the line in interstate commerce; and it was shown that the line could not possibly be so used until completed. There was clearly no imminent danger that irreparable injury would result from its mere construction. Under these circumstances, to deny the injunction and dismiss the bill without prejudice, was, at least, a permissible exercise of the court's discretion.

*Affirmed.*