CITY OF MIAMI, a municipal corporation, v. DIRECT DISTRIBUTORS, INCORPORATED.

183 So. 841.

Opinion Filed October 19, 1938.

*J. W. Watson, Jr.,* and *Robert R. Givens, Jr.,* for Appellant;

*Richard H. Hunt* and *Whitfield & Whitfield,* for Appellee.

TERRELL, J.—July 26, 1938, the City of Miami granted Direct Distributors, Incorporated, a permit to construct two underground gasoline storage tanks with a capacity of 8,000 gallons each on lands controlled by it at 3129 North Miami Avenue. On August 10, 1938, the City adopted Ordinance Number 1974 making it unlawful for any person, firm, or corporation to construct or install any gasoline storage tank with a capacity of more than 5,000 gallons.

On September 7, 1938, Direct Distributors, Incorporated, filed its bill of complaint in the Circuit Court praying that the City be enjoined from enforcing the terms of Ordinance Number 1974 against it. A temporary restraining order was granted as prayed for. A motion to dissolve said order and to dismiss the bill of complaint was denied and the City appealed. October 6th, on application of the City, this Court issued its writ under Section 5 of Article V of the Constitution to preserve the *status quo* of the *rem.* The cause is here for disposition on a motion to dissolve the latter writ and on the merits.

Several questions have been argued, to-wit: The power of the City to enact the ordinance, whether or not Appellee had an adequate remedy at law, and whether or not the bill of complaint states a cause of action.

Unquestionably the matter of regulating the storage of gasoline is one within the police power of the State and may be done in the interest of health, morals, and public welfare. Such power may be delegated to a municipality and we are of the view that the City of Miami was authorized to pass

such an ordinance. We are also of the view that the bill of complaint states a cause of action.

The real question here is whether or not the ordinance as passed and applied to Appellee was arbitrary and unreasonable.

It is shown that Appellee was granted a permit to install the tanks in question before the ordinance was passed, that relying on said permit, it had at the time of the passage of the ordinance purchased its tanks, had employed an architect, and had proceeded with their installation and at the time the bill of complaint was filed, they were almost completely installed. It was also shown that they were placed under ground more than sixty-one feet from the filling or service station of Appellee and that to enforce said ordinance against appellee would amount to depriving it of its property rights without due process of law. As to whether or not Appellee had an effective and adequate remedy at law, the pleadings do not disclose.

It was on this state of facts that the Chancellor granted the temporary restraining order appealed from and in doing so, we cannot say that he abused his discretion. His decree is therefore affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., not participating.