**L. SINGER & SONS et al. v. UNION PAC. R. CO.**

No. 125.

District Court, W. D. Missouri, W. D.

March 3, 1939.

Ruby D. Garrett, John S. Cannon, Fred Ruark, and Spurgeon L. Smithson, all of Kansas City, Mo., for plaintiffs.

Watson, Ess, Groner, Barnett & Whittaker, of Kansas City, Mo., for defendant.

Marcy K. Brown, Jr., Asst. City Counselor, of Kansas City, Mo., for intervener.

COLLET, District Judge.

Plaintiffs, alleging themselves to be engaged in or directly interested in or connected with, the business of buying and selling at wholesale and retail, fruits, vegetables and other food products within and adjacent to the City Market of Kansas City, Missouri, seek to restrain the defendant, a railroad company, from constructing certain tracks, characterized in the complaint as "extensions", connecting defendant's present railway lines with a proposed new City Market about to be constructed in Kansas City, Kansas, not far from the present City Market of Kansas City, Missouri, without first obtaining a Certificate of Convenience and Necessity from the Interstate Commerce Commission authorizing the construction of the proposed new tracks. It is alleged that the proposed construction by defendant will destroy plaintiffs' business and investment, create a rural market without producing additional transportation business, result in unnecessary duplication of transportation facilities, unnecessarily divert transportation to defendant from other railroad companies, create destructive competition and result in needless expenditure of monies by defendant. For all of these reasons it is alleged that the property rights of plaintiffs and the general public will be adversely affected, a material change in the transportation situation created, and an unnecessary burden imposed upon interstate commerce.

The City of Kansas City, Missouri, has filed a motion requesting leave to intervene as a party plaintiff upon the ground that it is entitled to jointly maintain this action as a "party in interest" under the Act of February 4, 1887, 24 Stat. 379, entitled "An Act to Regulate Commerce" as amended by the Interstate Commerce Act of February 28, 1920, c. 91, § 402, U.S.C.A. Title 49, § 1, par. (20), and the Judicial Code, Secs. 212, 213, as amended Title 28 U.S.C.A. § 45a. The motion to intervene alleges movant is actually interested in the subject matter of this proceeding because it has voted one-half million dollars in bonds for the construction of a new City Market now under construction and which will be in-

722

juriously affected by the establishment and construction of the new City Market in Kansas City, Kansas, and the construction to it by defendant of the so-called unauthorized railway "extensions". It is further alleged that defendant's threatened action to construct the unauthorized extensions will divert much business from many old and prosperous businesses located at the Kansas City, Missouri, City Market with great pecuniary loss to those business establishments, loss in real estate values, loss in tax revenues to movant and loss of convenient accessibility to a City Market by the citizens of Kansas City, Missouri.

The defendant has, by answer, (1) challenged the jurisdiction of this court over the subject matter of the action, (2) challenged plaintiffs' capacity to maintain this action as "parties in interest" under Sec. 1, par. (20), supra, and (3) challenged the sufficiency of the complaint to state a claim against defendant upon which the relief prayed for may be granted. By appropriate motion, defendant requests a ruling on these three above stated defenses in advance of a trial on other issues. Defendant also objects to the granting of leave to the City of Kansas City, Missouri, to intervene upon the ground, among others, that the City is not a "party in interest" within the meaning of Sec. 1, par. (20), supra.

The complaint and motion to intervene disclose that neither plaintiffs, nor the City of Kansas City, Missouri, are engaged in the transportation business. It further appears that neither the property or confines of either are touched, encroached upon or directly affected by the proposed construction of the so-called "extensions". There is no violation of any definite legal right alleged. Therefore, neither plaintiffs nor the City of Kansas City, Missouri, may maintain this action. Western Pacific Cal. R. Co. v. Southern Pac. Co., 284 U.S. 47, 52 S.Ct. 56, 76 L.Ed. 160; Texas & Pac. Ry. Co. v. Gulf, Colo. & S. F. Ry. Co., 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578; Claiborne-Annapolis Ferry Co. v. U. S., 285 U. S. 382, 52 S.Ct. 440, 76 L.Ed. 808; Texas, etc., R. Co. v. Northside Belt Ry. Co., 276 U.S. 475, 48 S.Ct. 361, 72 L.Ed. 661.

Since neither the United States, the Interstate Commerce Commission, the Public Service Commission of Missouri or Kansas, or any party directly interested is a party plaintiff to this action it may not be maintained and must be dismissed and the motion to intervene denied. Sec. 1, par. (20), Title 49, U.S.C.A., supra.