**CITY OF MIAMI et al. v. McCRORY STORES CORPORATION et al.**

No. 12626.

United States Court of Appeals
Fifth Circuit.

April 14, 1950.

John E. Cicero, Assistant City Attorney, Miami, Fla., J. W. Watson, Jr., City Attorney, Miami, Fla., for appellants.

Stuart W. Patton, Miami, Fla., S. E. Simmons, St. Petersburg, Fla., for appellees.

Before HUTCHESON, Chief Judge, and WALLER and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

The suit, based on diversity and amount, was brought by appellees, as owners of a building fronting on N. Miami Avenue, in the City of Miami, Florida, to enjoin the City of Miami from enforcing against it a set-back emergency ordinance, No. 3598,[1]

---

1. This ordinance provided with reference to the set-back on Miami Ave. for the area comprising the McCrory Store:

"No building or structure, or any part thereof, may be erected or structurally altered at a lesser distance from the cen-

enacted July 26, 1948, after McCrory had filed their application for a building permit with the Building Department of the City of Miami.

The claim was that the ordinance was invalid because (1) it was enacted with the express purpose of discriminatorily affecting plaintiffs; (2) it was passed without any notice of hearing to adjoining property owners and without any previous reading; and (3) it had no relation to the valid exercise of the police power of the City of Miami, but was a scheme to confiscate five feet of plaintiffs' property without compensation.

The prayer was that the City be enjoined from enforcing the ordinance, in effect requiring plaintiffs to set back their building five feet, and for such other and further relief as the court may deem proper.

The City answered, denying plaintiffs' allegations of intentional discrimination, and insisting that the ordinance was valid and its effective application ought not to be enjoined.

The case came on for trial, and full and exhaustive testimony was taken as to the nature and character of the McCrory construction and particularly as to whether their building was "structurally altered", within the meaning of the ordinance.

The hearing ended, the district court made full findings of fact,[2] and on the basis of these findings, concluded: (1) that "The construction and alterations contemplated by the McCrory Stores Corporation, as reflected by the evidence and its plans and its application for a building permit from the defendant are not 'structural alterations' within the meaning of any applicable ordinances of the City of Miami"; (2) that "The plaintiff, McCrory Stores Corporation, is entitled to the immediate issuance by the City of Miami of a full and complete building permit authorizing the construction of all of the alterations contemplated and proposed by plaintiff".

It was, therefore and thereupon, on October 19, 1948, ordered: (1) "That the City of Miami * * * be * * * permanently and perpetually enjoined and restrained from enforcing or attempting to enforce against the plaintiffs, the set-back provisions of the zoning ordinance of Miami and all amendments thereto"; (2)

ter-line of said street than 30 feet to provide for a uniform street width of 60 feet."

**2.** These were:
(1) that plaintiffs' building had been erected in the year 1935;
(2) that, on the 24th of May, 1948, they had made application to the Building Department of the City of Miami for a building permit for certain changes in it;
(3) that on June 2, 1948, a temporary building permit was issued, which permitted the preparation of the interior of the building for the proposed remodeling;
(4) that on July 20 and 22, 1948, plaintiffs appeared before the City Planning Board of the City of Miami, at a meeting called without notice to the adjacent property owners, to urge the issuance of the building permit, pursuant to the application made on the 24th day of May;
(5) that on July 26, 1948, without any formal notice to adjoining property owners, the City Commission enacted the Emergency Ordinance No. 3598 complained of;
(6) that the Planning Board adopted a resolution denying the issuance of the building permit unless plaintiffs would agree to set back 5 feet each from their present building line and the common line of all the buildings in the block;
(7) that pursuant to an agreement entered into between plaintiff and the defendant, construction of all of the changes contemplated by the plaintiffs had been in progress during the pendency of this suit, except as to the westerly five feet of the property in controversy;
(8) that the only changes to be made in the five foot set back area are to modernize the front of the store building;
(9) that the changes proposed to be made would not extend the life of the building; and
(10) that the changes do not increase, extend, or enlarge the building, nor do they convert the existing building into a different structure, nor do they affect the form or character of the existing building or structural quality.

that the City "issue to the plaintiffs McCrory Stores Corporation, the building permit applied for by said plaintiff on May 24, 1948, without any exceptions whatever in respect to the westerly five feet * * * "; and on October 26, 1948, the City, without superseding the judgment, appealed.

Before the appeal came on for submission here on the merits, appelles filed their motion to dismiss the cause as moot, showing in, and by, said motion: (1) that after the entry of the judgment and before the appeal, the City of Miami had, on the 21st day of October, 1948, issued a building permit as requested in the application of May 24, 1948, and as required by the judgment, the permit reciting on its face, "Court order, Wm. J. Barker, U. S. District Judge, 10/19/48". This motion was argued, the ruling on it was taken with the case, and it was again argued at the submission on the merits.

In addition to the many cases supporting the well established general principle that a Court will not decide a case which has become moot, appellees cite three cases dealing with the issuance of building permits, the leading case of Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620, and two much later cases, one from California, Bartholomae Oil Corp. v. Seager, 35 Cal.App.2d 77, 94 P.2d 614, and another from Texas, City of West University Place v. Martin, 132 Texas, 354, 123 S.W.2d 638, in which, on appeals from orders involving building permits, the courts held that the issuance of the permit and the completion of the building under it rendered the controversy moot.

Appellants denying the force of these decisions here, press upon our attention: that in each of them the whole controversy was over the issuance of the permit; that whereas here, the enforcement of the ordinance was the real controversy, the issuance of the permit was merely incidental to it; and that while the decree appealed from did, though there was no prayer for it, order the issuance of the permit, its prime and main provision was the one permanently enjoining the city from enforcing its ordinance.

They insist, therefore, that this case is thus not moot but still alive and active, that the appellees, having gone ahead with their building under the protection of the injunction, did so at their peril, and if it be held that the injunction was wrongly issued and should be dissolved, they will stand subject to the provisions and penalties of the ordinance, including the obligation to restore the status *quo ante*. Texas & N. O. R. Co. v. Northside Belt R. R., 276 U.S. 475, 48 S.Ct. 361, 72 L.Ed. 661.

In addition, appellees point out another difference in the Brownlow and Texas cases, in that in those the action in issuing the permit was voluntary and not coerced, whereas here, as shown on the notation on the permit, it was coerced, not voluntary. They point out, too, that in the California case, the court, though saying that the matter was moot, in fact decided the case on the merits.

█ While the matter is not free from doubt, we are of the considered opinion that the controversy is not moot and that a decision by us on the merits is called for.

█ When it comes to the merits, we find little difficulty. It was incumbent upon the city to maintain its position that the alterations in question were for "structural alterations" within the meaning of the ordinance. Without citing or discussing the many authorities cited by appellants and appellees, it is sufficient to say that they all show clearly that there is no fixed and definite legal meaning attached to these words when used in such ordinances; that, on the contrary, under such ordinances, the question as to each building is one of fact.

█ The district judge heard full evidence as to the character of the construction proposed, and concluded that it was not a "structural alteration". We think the evidence sustains his finding of fact and that this ends the case.

Without, therefore, undertaking to consider the secondary question, raised and

exhaustively briefed[3] by appellees in support of the judgment but not decided below, that the passage of the ordinance, under the circumstances existing, was unreasonable, and the ordinance was, therefore, invalid, we think it quite clear that, for the reasons the court gave, that the improvements in plaintiffs' store were not "structural alterations", the judgment was right, and that it should be

Affirmed.

3. Sgromola v. Asbury Park, 134 N.J.L. 195, 46 A.2d 661; Fairchild Sons v. Roger, 266 N.Y. 460, 195 N.E. 154; Vine v. Zabriskie, 122 N.J.L. 4, 3 A.2d 886; City of Miami v. Direct Distributors, Inc., 134 Fla. 430, 183 So. 841; Ex parte Wise, 141 Fla. 222, 192 So. 872; Ehinger v. State, 147 Fla. 129, 2 So.2d 357; Dobbins v. City of Los Angeles, 195 U.S. 223, 25 S.Ct. 18, 49 L.Ed. 169. Cf. City of Miami Beach v. Benhow Realty, Inc., 5 Cir., 168 F.2d 378.