[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS OR STRIKE AMENDED COMPLAINT
The plaintiff UNC, Incorporated (UNC) brings this action to enjoin the defendant Southeastern Connecticut Regional Resources Recovery Authority[1] (SCRRRA) from taking by condemnation certain easements over UNC's real property, from filing further condemnation papers in connection with plaintiff's property and from polluting its property by the deposition of ash and hazardous waste, and for other relief, including punitive damages. The plaintiff essentially alleges that there was no public purpose for the taking of the easements. The defendant moves to dismiss the amended complaint on the ground of mootness or, in the alternative, to strike the complaint because the plaintiff has failed to allege that the taking was unreasonable, in bad faith or an abuse of power. The Department of Environmental Protection (DEP) issued certain permits to SCRRRA to construct an ash landfill in Montville; this decision was appealed by UNC, an abutting landowner, to the Superior Court (J.D. New London, Docket No. 102376) and is pending. To comply with the conditions relating to the DEP permits, SCRRRA commenced the takings.
SCRRRA has filed a statement of compensation in the Superior Court for this judicial district, thereby instituting condemnation proceedings to acquire easements over UNC's real property. Later, SCRRRA filed a Certificate of Taking of the easements over UNC's property.
SCRRRA argues first that because it has already acquired title to the easements, UNC's request for injunctive relief restraining SCRRRA from taking title is moot. SCRRRA further asserts that UNC has failed to allege facts necessary to support its prayer for injunctive relief for alleged violations of the federal Resource Conservation and Recovery CT Page 8006 Act (RCRA) and failed to allege any of the specific grounds upon which a court may invalidate a taking.
UNC argues, in essence, that its claim is not moot because it is challenging the legality of the taking, and to deny it a meaningful opportunity to do so would in effect insulate the taking from judicial review. UNC also argues that the taking was not in fact for a public purpose and therefore sufficiently states a cause of action.
1. Motion to Dismiss
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Zizka v. Water Pollution Control Authority of the Town of Windham, 195 Conn. 682,687 (1985).
The question of mootness implicates subject matter jurisdiction. Murphy's Appeal From Probate, 22 Conn. App. 490
(1990), cert. denied, 216 Conn. 823 (1990). "A case is moot if it is disconnected from the granting of actual relief or it involves a determination from which no practical relief to the complainant can follow." Connecticut Resources Recovery Authority v. Freedom of Information Commission,19 Conn. App. 489, 493-94 (1989). Absent an actual and existing controversy, the courts of this state may not be used for the purpose of obtaining judicial opinions upon points of law. Franklin v. Berger, 15 Conn. App. 74, 77 (1988), rev'd on other grounds, 211 Conn. 591 (1989).
UNC cites to Broadriver, Inc. v. City of Stamford,158 Conn. 522 (1969), cert. denied 398 U.S. 938, in support of its argument that its request for a permanent injunction against SCRRRA's taking of the easements is not moot. In Broadriver, the plaintiff sought temporary and permanent injunctions to restrain the city from condemning his property. Id., 524. The request for a temporary injunction was denied by the superior court and the city filed a certificate of taking. Id., 526-27. The plaintiff's request for a permanent injunction was then denied and the plaintiff filed an appeal. Id., 525. In addressing the parties' rights following the denial of a temporary injunction and the filing of the certificate of taking, our Supreme Court held that: CT Page 8007
 The denial of the temporary injunction nevertheless left the plaintiff free to obtain a full and final determination of the issues it had raised and, if successful, to obtain the relief sought regardless of what, if any, action the defendants might see fit to take in the interim. Industrial Bank of Washington v. Tobriner, 405 F.2d 1321, 1323 (D.C. Cir.); Ramsburg v. American Investment Co. of Illinois, 231 F.2d 333, 336 (7th Cir.); Turney v. Shriver, 269 Ill. 164, 172, 109 N.E. 708; 42 Am.Jur.2d, Injunctions, 318. At the same time, the defendants would, as the cases cited indicate, act at their peril if they undertook to do any act which the plaintiff sought to enjoin. The court's power to restore the status quo or to grant such other relief as might be proper remained unaffected by the disposition made of the temporary injunction. See Jones v. Securities Exchange Commission, 298 U.S. 1, 17, 18, 56 S.Ct. 654, 80 L.Ed. 1015; Texas N.O.R. Co. v. Northside Belt Ry. Co., 276 U.S. 475, 479, 48 S.Ct. 361, 72 L.Ed. 661; 42 Am.Jur.2d, Injunctions, 16. Consequently, the plaintiff's rights were fully protected, the issuance of a certificate of taking notwithstanding.
Id., 528.
Broadriver makes it clear that a court has the
power to restore the status quo between the parties in a taking by condemnation even after a certificate of taking has been filed. Therefore, a real controversy still exists, the determination of which can result in the granting of actual or practical relief. SCRRRA's claim of mootness is CT Page 8008 unpersuasive and its motion to dismiss is denied.
2. Motion to Strike
SCRRRA bases its motion to strike UNC's complaint, in part, on the ground that UNC has failed to allege the elements necessary for the court to find that the taking of the easements was invalid. SCRRRA cites Gohld Realty Co. v. City of Hartford, 141 Conn. 135, 146 (1954), for the rule that for an agency's taking to be subject to judicial review, the plaintiff must plead that the taking was "unreasonable or in bad faith or was an abuse of power conferred." In this case, the plaintiff has pled that there may be, in fact, no public purpose for the taking in the event its appeal of the defendant's permits in Docket No. 102376 is sustained. A public purpose is the necessary underpinning of SCRRRA's power to take private property. General Statutes7-273bb(a)(19).[2] If, as the plaintiff contends, there is no public purpose for the taking of its property then it follows that the defendant's taking would be either "unreasonable" or an "abuse of the powers conferred upon it". A ritualistic, talismanic recitation of the language referred to in Gohld, supra, is not necessary to state a cause of action.
The plaintiff has stated a sufficient cause of action and the motion to strike is also denied.
Teller, J.