STATE *ex rel.* DALLAS INVESTMENT Co. v. W. H. PEACE, as Building Inspector of the City of Miami.

190 So. 607
En Banc
Opinion Filed July 21, 1939

*Leo Rosen,* for Relator;

*John W. Watson, Jr., William W. Charles, Fowler & Givens* and *Robert H. Givens,* for Respondent.

TERRELL, C. J.—In June, 1938, the City Commission of Miami enacted Ordinance 1933, the pertinent part of which is as follows: "No gasoline and oil filling station and no service station shall be erected or located within 350 yards of any church, hospital, school or other such institution, where large numbers of pedestrians congregate, or within 750 feet of the location of another gasoline and oil filling station or service station."

In October, 1938, the relator, Dallas Investment Company applied to the City for a permit to erect a filling station at the corner of Northwest 7th Avenue and Northwest 18th Terrace, the said location being within 750 feet of an existing filling station. The City declined this request because of the ordinance quoted. Alternative writ of mandamus was issued by this Court which the City has moved to quash.

The power of the City to enact the ordinance and, if such power was present, whether or not it was arbitrarily exercised in this case, is the only question we are called on to answer.

The question of power is foreclosed by Section 5, Chapter 14234, Special Acts of 1929, and Section 3, Chapter 10847, Special Acts of 1925. A similar ordinance was upheld in City of Miami v. Direct Distributors, Inc., 134 Fla. 430, 183 So. 841 Harz v. Paxton, *et al.,* 97 Fla. 154, 120 So. 3.

The question of the City's power to enact the ordinance being disposed of in the affirmative, the question of whether or not that power was exercised in an arbitrary and unreasonable manner becomes very narrow, besides being a delicate one for the Courts to treat. Standards of business, social and professional conduct have their variations peculiar

to every community. These standards such ordinances as that brought in question are designed to regulate and the manner of their regulation is distinctly a legislative function. If the ordinance is enacted in the interest of the public and is designed to correct an evil or evils that are or may affect the public welfare, it should be upheld. The manner in which these purposes are accomplished is one in which legislative discretion has a very broad range and courts should not attempt to substitute their judgment for that of the legislature, City Commission or other legislaive body created for that purpose.

Measured by this standard, we cannot say that the ordinance is amenable to the assault made on it. Certainly it does not transgress the range of legislative discretion. Schaake v. Dolley, 85 Kan. 598, 118 Pac. 80; Magnolia Petroleum Company v. Wright, 124 Okla. 55; 254 Pac. 41; Independent Pennsylvania Oil Co. v. Gloucester, 102 N. J. L. 501, 134 Atl. 554; San Antonio v. Humble Oil & Refining Co. (Tex. Civ. App.), 27 S. W. (2d) 868; Kramer v. Mayor and City Council of Baltimore, *et al.*, 166 Md. 324, 171 Atl. 70.

The motion to quash the alternative writ is therefore granted.

It is so ordered.

WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents.