CITY OF MIAMI BEACH, *et al.*, Plaintiffs in Error, v. STATE *ex rel* PATRICIAN HOTEL COMPANY and WILLIAM C. WISDOM, Defendants in Error.

200 So. 213

Division A

Opinion Filed January 28, 1941

Rehearing Denied February 20, 1941

*J. Harvey Robillard* and *V. B. Rutherford,* for Plaintiffs in Error; ·

*Marion E. Sibley,* for Defendants in Error.

BUFORD, J.—Writ of error brings for review judgment awarding peremptory writ of mandamus on motion for peremptory writ notwithstanding the return.

The command of the alternative writ entered on the 6th day of August, 1940, is that the respondents do "forthwith issue to William C. Wisdom a retail vendor's liquor license for the taxable year of 1939-1940 on the premises known as Lot 9 of Block 54 of Orchard Subdivision, Nos. 3 and 4, a subdivision located in the City of Miami Beach, Dade County, Florida, or show cause before this Court at the hour of ten o'clock on Thursday, the 8th day of August, 1940, why a peremptory writ of mandamus should not issue against you."

The command of the peremptory writ addressed to the respondents is, "to forthwith issue to relators, William C. Wisdom and Patrician Hotel Company a retail vendor's liquor license as required by Ordinance No. 391 as amended and a night club license for the taxable year beginning October 1, 1940, and ending October 1, 1941, and to issue and renew said license from year to year thereafter as in Ordinance No. 391 is required." No rule in mandamus proceedings is more thoroughly established in this as well as

in other jurisdictions than that the command of the peremptory writ must follow the command of the alternative writ and cannot be broader in its terms than the alternative writ. See State *ex rel.* Barrs v. Pritchard, 111 Fla. 122, 149 Sou. 58; City of Bradenton v. State *ex rel.* Oliver, 117 Fla. 578, 158 Sou. 165; City of Bradenton v. State *ex rel* Perry, 118 Fla. 838, 160 Sou. 506, and authorities cited in those opinions respectively.

That the peremptory writ is broader and materially different from the alternative writ is readily apparent and, therefore, we would be required to enter an order of reversal of the judgment for this reason alone if there appeared no other reason for reversal but our conclusion is that the record discloses other conditions requiring reversal.

The record shows that the application for license "to conduct the business of retail vendor selling beverages consumed on the premises regardless of alcoholic content" was made on the 21st day of November, 1939, by William C. Wisdom and no one else. That no license had theretofore been issued to William C. Wisdom. That no application has been made by Patrician Hotel Company, a corporation, for such a license under the provisions of Ordinance No. 391, or otherwise, since October 1, 1938.

The Patrician Hotel Company, a corporation, was not mentioned in the application, *supra,* filed by Wisdom. So it is there was no showing that it was the duty of respondents to issue a license to Patrician Hotel Company.

The pertinent provisions of Ordinance No. 391, as amended, are:

"Section 2. That from and after the date when this ordinance becomes effective, no person shall engage in, manage, operate or cause to be operated the business of vendor, as defined herein, without first procuring a City license there-

for as herein provided, and pay the amounts hereinafter fixed and required by this ordinance. He shall make sworn application to the city clerk on forms provided by said clerk for that purpose of which shall be given the name, occupation and place of business, together with the names of the officers or members of the firm or individuals engaged in such business together with such further information as may be required and the applicant for such license shall give the names of five business or professional men as reference, who may be called upon by the City of Miami Beach, should it deem advisable for information as to the character, business integrity and past history of the person, firm or corporation applying for a license under the terms and conditions of this ordinance.

"Such application together with notice as to when said application shall be considered by the city council shall be published by the city clerk once each week for two (2) consecutive weeks in two (2) newspapers published in the City of Miami Beach, at the expense of the applicant, immediately prior to the date of the hearing thereof, at which time any person interested may appear and object to the granting of license to said applicant. Thereafter the city council shall consider said application and either grant or reject same according to its best judgment and discretion.

"Provided, that where an applicant shall have been granted a license under this ordinance and such license and continuation thereof have not been revoked and his qualifications not impaired, such applicant shall be entitled to receive licenses for succeeding years as a matter of course, upon application to the city clerk and the payment of the tax."

"Section 4. No license or licenses issued under the provisions of this ordinance shall be transferable or assignable

from one person to another, nor from one location to another."

"Section 4½. No license shall be issued to a retail vendor to sell beverages consumed on the premises, regardless of alcoholic content as provided in Subsection 'G' and Subsection 'I' of Section 7 hereof in any place of business located within five hundred (500) feet in an air line measured from main entrance to main entrance in which there is already a retail vendor licensed either under Subsection 'G' or 'I,' nor shall such license be issued during the period in which an existing license is renewable as a matter of course as provided in Section 2 hereof."

And paragraph "G and "I" of Section 7, viz.:

"(g)   Retail vendor selling beverages consumed on the premises, regardless of alcoholic content................................................................$750.00

"(i)   Clubs, as defined herein.............................$125.00"

The allegations of the alternative writ, *inter alia,* are:

"3.   On the 27th day of January, 1938, a final judgment was rendered in said mandamus proceedings in favor of the relator Patrician Hotel Company, and thereafter on the 28th day of January, 1938, a peremptory writ of mandamus was issued requiring the city council and the city clerk of the City of Miami Beach to forthwith issue to relator a retail vendor's liquor license and a night club license for the taxable year of 1937-1938 upon the property above described. Thereafter said licenses were issued in compliance with said peremptory writ and the said property was operated as a night club restaurant and high class bar dispensing alcoholic beverages to be consumed upon the premises. Said licenses expired on October 1, 1938.

"4.   On to-wit the ...... day of March, 1938, M. Lewis Hall, Esquire, was appointed receiver of the Patrician Hotel

Company in a suit filed by one Dorothy Evans as plaintiff, against the Patrician Hotel Company and others as defendants. Thereafter the receiver took possession, charge and control of all the assets of the Patrician Hotel Company, including the property above described. On October 1, 1938, said liquor license so issued to the relator Patrician Hotel Company for the property above described expired under the terms and provisions of said Ordinance No. 391, a true copy of which as amended is hereto attached, marked Exhibit and made a part hereof.

"Due to the said receiver's proceedings it was found impracticable and impossible and undesirable to the appointing court for the receiver to operate the said property as a bar or night club, and for that reason no application was made by the receiver for the issuance of a renewal of said licenses. Since the expiration of said licenses on October 1, 1938, the said property has not been used for the purposes for which it was constructed, nor has it been put to any other use, but it has remained vacant and idle due, nevertheless, to the inability of the receiver to operate said business by reason of the financial condition of the Patrician Hotel Company at the time of the appointment of said receiver.

"The Patrician Hotel Company never abandoned the uses for which the property was constructed and it has intended at all times to commence the operation of said night club and bar and restaurant as soon as its financial condition so permitted.

"On the___ day of November, 1939, the relator Patrician Hotel Company through its receiver entered into and executed a lease upon the above described property to relator William C. Wisdom, to be used by the said William C. Wisdom as a bar, restaurant, cocktail room or night club. Under the terms and provisions of said lease the said William C. Wisdom as lessee agreed to pay a certain per-

centage of the gross receipts received from the operation of said business, and also a guarantee as rental for said premises. On, towit the 21st day of November, 1939, said William C. Wisdom made his application to respondent C. W. Tomlinson as clerk of the City of Miami Beach, a municipal corporation, seeking to procure the issuance to him of a retail vendor's liquor license for the operation of said business upon the above described premises. The said application so tendered by the said William C. Wisdom is hereto attached, marked Exhibit B and made a part of this petition.

"The said applicant has complied with each, every and all of the conditions and provisions of Ordinance No. 391 and all other ordinances of the City of Miami Beach, and is entitled to have issued to him the said licenses. The said relator also tendered the amount of cash required by said ordinances to be paid for the issuance of said license and did all things necessary and required under said ordinances as conditions precedent to the issuance of said license."

It must be recognized that the acquiring of a license to sell intoxicating liquor is a matter of privilege and not a matter of right.

It was also elementary that a license to sell intoxicating liquor is a personal license to the licensee and that the provision of Section 4, *supra*, prohibiting the transfer or assignment from one to another person is valid.

So it is that here we have a case of an application for license as a retail liquor dealer made by one William C. Wisdom who is not shown heretofore to have held a license to engage in such business in the City of Miami Beach and the application was to conduct such business for the license year 1939-1940 and in a location which had not been used during the preceding year for that purpose. The record

shows that such location was a place coming within the purview of Section 4½, quoted, *supra.*

It is the contention of the appellee that the provision of Section 4½, *supra,* are not applicable here because of the status of non-conforming use of the premises prior to the date of the application for the license.

The record shows that what appears as Section 4½ of Ordinance No. 391 was contained as an amendment in Ordinance No. 559 passed and adopted on August 7, 1939, and posted on August 8, 1939, at which time the record shows, as stated hereinbefore, that the building involved was not being used by the applicant or anyone else as a place for the vending of liquors under a license granted for that purpose.

Neither does the record show that any application was pending by any applicant for a license to sell intoxicating liquor at that place.

It is contended that the City is estopped by judgment because in January, 1938, Patrician Hotel Company procured its original license by mandamus proceedings in which proceedings the City of Miami Beach defended upon the ground that there was another liquor license in force in the same block and that the circuit court held that at the time of the adoption of Ordinance No. 391 there were two properties in the same block dispensing alcoholic beverages and these two properties, being non-conforming to the terms and provisions of Ordinance No. 391 at the time it was adopted, were entitled to preserve their non-conforming use, the ordinance notwithstanding.

This position is not tenable because there is no showing in the record that the judgment in mandamus entered in 1937 applied to any license except that for the year 1937-1938; and the record shows that the ordinance provision

contained in Section 4½; *supra,* was enacted subsequent to the date of that judgment.

The doctrine of non-conforming uses, which may be applicable in cases involving general zoning ordinances in connection with property used for ordinary purposes, is not necessarily controlling in a case of this sort.

If the effect of Section 4½, *supra,* is a matter necessary to be determined by us in view of the fact that no license has been theretofore issued to William C. Wisdom, then the question is: Did the municipality have the power to enact into law the provisions of Section 4½, *supra,* as an amendment to Ordinance No. 391, although its observance would preclude the issuance of a retail liquor vendor's license (to a person otherwise qualified) to engage in such business in a location or place coming within the ban of the ordinance, which place had been constructed for that purpose and had theretofore been used exclusively for such purpose? This question must be answered in the affirmative.

The legislative power of the municipality to regulate the sale of intoxicating liquors within its territorial limits is not questioned. In the exercise of such regulatory power it is well settled that a municipality may limit the number of permits or licenses to be issued granting the privilege to be exercised within stated areas and within the municipality. See 15 R. C. L. 280, Sec. 35, page 299, Sec. 54 and authorities there cited; 124 A. L. R. 829 *et seq.;* 30 Am. Jurisprudence 314; annotations in note following Rhodes v. State of Iowa, 42 L. Ed. 1088; note and annotations following Foster v. State of Kansas, 28 L. Ed. 696.

The non-existence of the right in a licensee to continue in the enjoyment of the license privilege after the enactment of an ordinance prohibiting the conducting of such business in the then occupied area was definitely settled in this jurisdiction in the opinions and judgments in the cases of State

*ex rel.* First Presbyterian Church of Miami, Florida, v. Fuller, 133 Fla. 554, 182 Sou. 888; same 134 Fla. 212, 183 Sou. 726; same 136 Fla. 788, 187 Sou. 148. In the last cited opinion we said:

"Thus we reach the last phase of the controversy, namely, the protection, if any, afforded Turf Exchange Bar, Incorporated, because it was in existence when the original ordinance became effective. We refer again, for the purpose of emphasizing, to the provision in the ordinance giving protection to a vendor of liquors within the prohibited area who may have been established at such location when the original ordinance was passed. This is evidently based on the theory that such an ordinance should not interfere with an existing use. Licensees do not fall within that class.

"From the authority cited with approval in State *ex rel.* First Presbyterian Church of Miami v. Fuller, *supra,* it appears that a license is not property in a constitutional sense, nor is it a contract. Inasmuch as it 'confers no right or estate or vested interest it would seem to follow that it is at all times revocable at the pleasure of the authority from which it emanates.' 17 R. C. L. page 554; see also page 474."

Appellee appears to contend that because, as he alleges, other licenses have been issued by the respondent to other persons to conduct the business of retail liquor vendors in other areas coming within the ban of the ordinance, the relator may not enforce the ordinance within the involved area. That contention is without merit. The ordinance is a police regulation and it is elementary that the failure to enforce a valid police regulation in one case, or in many cases, does not affect the power to enforce it in other cases.

For the reasons stated, the judgment is reversed and the

cause remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

Reversed.

TERRELL, C. J., WHITFIELD, THOMAS and ADAMS, J. J., concur.

BROWN and CHAPMAN, J. J., not participating.