158 So.2d 583 (1963)
The CITY OF MIAMI, a municipal corporation, Appellant,
v.
Clara Mae STEGEMANN, Appellee.
No. 63-264.
District Court of Appeal of Florida. Third District.
December 20, 1963.
Rehearing Denied January 7, 1964.
Robert D. Zahner, City Atty., and Edward J. Fitzpatrick, Miami, for appellant.
William W. Charles, Edward C. Vining, Jr., Miami, for appellee.
Before BARKDULL, C.J., and HORTON and HENDRY, JJ.
HORTON, Judge.
The City of Miami appeals from a final decree which invalidated a provision of the comprehensive zoning ordinance of the city *584 relating to the distance limitations between gasoline filling stations.
The sole basis of the decree appealed was the chancellor's conclusion that the holding in the case of City of Miami v. G. & S. Realty Corporation, Fla.App. 1962, 140 So.2d 364, was conclusive of the controversy at bar. In the G. & S. Realty case, supra, the chancellor, after concluding that the equities were with the plaintiff-property owner, adjudicated as follows:
"That the distance limitations and prohibitions pertaining to the plaintiff's property * * * in its proximity to churches, schools or other filling stations are hereby declared void, invalid, arbitrary, discriminatory, unreasonable and unconstitutional, and the defendant shall not enforce ordinance. * * * against said property." [Emphasis supplied.]
It is the aforesaid language upon which the chancellor in the case at bar premised his conclusion that the prior case held the ordinances under attack to be unconstitutional in toto.
We have examined the records of this court in the case of City of Miami v. G. & S. Realty Corporation, supra, and find that the property owner-appellee in that case  never at any time attacked the validity of the ordinance as a whole, but consistently complained of the harshness resulting from an application of same to his property.
We do not construe the decree of the circuit court in City of Miami v. G. & S. Realty Corporation, supra, affirmed by this court, as an adjudication of the invalidity of the ordinances as a whole. The decree may be in part ambiguous, but when read in the light of all of the provisions thereof, it seems reasonably clear that the chancellor in that case was concerned only with the application of the ordinances to the specific property.
Since the validity vel non of the ordinance in question was not attacked in the case at bar, nor in the one upon which the chancellor here based his conclusion, we think it is not amiss to point out that no decision is authority on any question not raised and considered although it may have been involved in the facts of the case. See State ex rel. Helseth v. DuBose, 99 Fla. 812, 128 So. 4, 6. The procedural posture of this case also suggests the conclusion which we reach. The complaint was in equity by the appellee in which she alleged an exhaustion of all administrative remedies before the agencies of the appellant. This was likewise the procedural position that existed in the case of City of Miami v. G. & S. Realty Corporation, supra. Both sought a variance from the ordinance requirements. We are unaware of precedent permitting a declaration of unconstitutionality of an ordinance by an administrative body subservient to the legislative body which has the sole power of enacting the ordinance attacked. The administrative agencies of the appellant would have authority to grant variances from ordinances but not to rezone or declare unconstitutional the act of the parent body, the city commission. In seeking a variance from the requirements of an ordinance, the validity of the ordinance is generally admitted.
Under all the circumstances as enunciated here, we conclude that the able chancellor was in error when he premised his decree in the case at bar upon the assumption that the decree in the former case of City of Miami v. G. & S. Realty Corporation, supra, was a declaration of the invalidity of the zoning ordinance in toto. As to the validity vel non of the ordinance, we observe that such question appears to have been placed at rest by the Supreme Court of Florida in State ex rel. Dallas Inv. Co. v. Peace, 139 Fla. 394, 190 So. 607.
Inasmuch as the chancellor in the case at bar was of the view that the portion *585 of the ordinance attacked was "fairly debatable" and on that premise the appellant should prevail but for the decision in the former case, we reverse the decree appealed, and remand the cause with directions to enter a decree in favor of the appellant.
Reversed and remanded with directions.