169 So.2d 842 (1964)
The CITY OF MIAMI, Appellant,
v.
Thomas B. WALKER, Jr., and Edward Laurence, Appellees.
No. 64-300.
District Court of Appeal of Florida. Third District.
December 15, 1964.
Rehearing Denied January 6, 1965.
John R. Barrett, City Atty., and Jack R. Rice, Jr., Asst. City Atty., for appellant.
William W. Charles, Edward C. Vining, Jr., Miami, for appellees.
Before CARROLL, HORTON and HENDRY, JJ.
PER CURIAM.
The City of Miami appeals a final decree which held unconstitutional as applied to the appellees' property the distance limitations between filling or service stations contained in ordinance #6871 of the comprehensive zoning ordinances of the City of Miami.
The ordinance in question placed the appellees' property in a C-4 district which *843 permitted the erection of filling stations subject to the limitation that "no gasoline, filling or service station shall be erected or located within 750 feet of the location of a gasoline, filling or service station." The appellees' property is "within 750 feet of a gasoline, filling or service station."
Before the institution of this action, appellees applied to the planning and zoning board of the City of Miami for a variance from the distance requirements of the ordinance. This application was denied and the matter was thereafter considered by the city commission of the City of Miami and that body adopted a resolution denying the variance and upholding the recommendations of the planning and zoning board. Appellees then filed a bill of complaint in equity in which they challenged the constitutionality of the distance provisions of ordinance #6871 as applied to their property, contending that the same were discriminatory, unreasonable and arbitrary. The appellant answered the complaint denying the allegations and alleging affirmatively that ordinance #6871 was valid. The chancellor after hearing testimony from the parties, entered a decree in which he adjudicated that the distance provisions of ordinance #6871 relating to filling or service stations were, as applied to appellees' property, discriminatory, unreasonable and unconstitutional, and authorized the use of the property for a service station subject to setback, wall erection, fire safety and building code regulations.
On appeal the City of Miami contends that since the validity vel non of the distance provisions of ordinance #6871 was established by the Supreme Court of Florida in State ex rel. Dallas Investment Co. v. Peace, 139 Fla. 394, 190 So. 607, and followed by this court in City of Miami v. Stegemann, Fla.App. 1964, 158 So.2d 583, the only question to be decided is whether or not there was sufficient evidence before the chancellor to support his conclusion that as applied to appellees' property the ordinance was discriminatory and unconstitutional. We agree with the appellant's contention and hold that the chancellor was in error in nullifying the distance requirements of the questioned ordinance.
We observe that the chancellor placed considerable weight, as do the appellees, upon the fact that the City of Miami has permitted several hundred filling stations within the distance prohibitions of the ordinance and has granted some 75 variances from this requirement. Although great weight has been placed on this fact by the chancellor and the appellees, nevertheless it is without a conclusion that the city has waived or is otherwise equitably estopped from enforcing the terms of the ordinance. Whether the city has permitted several hundred or only a few filling stations to be within the prohibited distance requirement of the ordinance is conclusive of nothing insofar as appellees are concerned. In City of Miami Beach v. State ex rel. Patrician Hotel Co., 145 Fla. 716, 200 So. 213, the Supreme Court of Florida said:
"It is elementary that the failure to enforce a valid police regulation in one case, or in many cases, does not affect the power to enforce it in other cases."
See also State ex rel. Schwartz v. City of Hialeah, Fla.App. 1963, 156 So.2d 675.
The appellees' property in question is zoned for liberal commercial use and although they are precluded from putting it to what they consider its "best use" there are nevertheless many other beneficial uses to which the land can be put; therefore, the ordinance cannot be said to be arbitrary or confiscatory as applied to appellees' property. See Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642, 645. The courts of this state have heretofore held that it was a valid exercise of the police power of the City of Miami to enact the ordinance in question and since appellees have failed to show that the application of the ordinance *844 to their property was arbitrary, discriminatory or unreasonable, it was error for the chancellor to so find.
The decree appealed is reversed, and the cause is remanded for the entry of a decree in favor of the appellant.
Reversed and remanded.
CARROLL, Judge (concurring specially).
I concur in the opinion and judgment of this court. The decree appealed from gives lip service to the 750 foot gasoline service station separation ordinance as being valid, then blocks its use in the very type situation for which it was designated to operate. Neither the allegations nor the evidence presented a basis for holding that this valid ordinance is invalid as to this particular parcel of property. As was noted by counsel during the argument, this is one of a dozen such decisions rendered as to other locations in the city on the same testimony from much the same group of witnesses.
The property involved here already had been zoned for use as a gasoline service station, and it was conceded in the circuit court that no question of zoning was involved. Therefore, any evidence bearing on the suitability or degree of suitability of such property for use as a gasoline service station was irrelevant.
The challenges to the ordinance presented by the allegations and the evidence were with reference to its usefulness, propriety and validity generally. The city's legislative body had determined the policy and the propriety and need for the ordinance as an exercise of police power. The validity of such an ordinance has been settled by decisions of the Supreme Court and this court, and until or unless repealed it should be enforced. This ordinance may not be declared invalid as to a particular parcel or property on evidence which second guesses the city commission on the matter of the public policy involved, through testimony of employees of the city and other witnesses expressing an opinion that there is no necessity or usefulness in the ordinance, or who express the view that allowing service stations to be close together without distance restrictions would result in no harm and would be helpful to the motoring public and in controlling traffic, and would benefit business, etc., which is the general tenor of the evidence on which the decree was predicated.