PER CURIAM.
The Supreme Court of Florida in an opinion dated September 9, 1964, 167 So.2d 841, quashed the opinion and judgment of this court dated January 21, 1964, 159 So. 2d 877, and remanded the cause to this court for "appropriate decision on the other assignments of error presented * * * but not passed upon * *
On this appeal, the appellant’s “other assignments of error presented * * * but not passed upon” are assignments numbers 3, 4 and 5, raising for consideration by this court the question of whether the evidence offered by appellee was legally sufficient to sustain a finding of "unnecessary hardship” when measured by the standard and requirements contained in Article XXXI, Section 1, of the Zoning Code of the City of Miami.[1] The appellee contends that he is not seeking a variance from the distance requirements but an “adjudication that the 1,050 foot restrictions between ap-pellee-plaintiff’s property as a filling station and a church approximately 1,000 feet away * * * was void, arbitrary, unconstitutional and had no relationship to * * * public health, safety and welfare.” Whether we accept either of the contending parties’ views as- the controlling question to be decided, the result will be the same.
 The same provisions of this same ordinance governing the distances between filling station and another and between filling stations and churches, schools and hospitals have been the subject of a recent opinion by this court, The City of Miami v. Walker, Fla.App.1964, 169 So.2d 842 [opinion filed December 15, 1964], Upon the authority of the foregoing opinion and judgment, together with the authorities therein relied upon, the final decree in this cause be and the same is hereby reversed and the cause is remanded with directions to enter a decree in favor of the appellant.
Reversed and remanded with directions.

. “(1) Peculiar circumstances as to size and shape which would impair the owner’s right to some reasonable use of the property;
“(2) Hardship peculiar to the property in question and if common to the property in the neighborhood, shall not be granted.
“(3) That the property right of the petitioner must be substantial and not merely that the denial might limit the opportunity to use the property in a more profitable way or sell it at a greater profit than is possible under the terms of the ordinance. tí :¡: * *
“(6) That the variance will not result in substantial detriment to adjacent property or neighborhood and not material detrimental to tire public welfare.”