PER CURIAM.
The appellant is the owner of a lot located on the northeast corner of the intersection of Lejeune Road and Northwest Eleventh Street in the City of Miami. Adjacent thereto is a lot on which there is a gasoline service station.
The area was zoned for business uses which included gasoline service stations, but there was applicable thereto an ordinance of the city prohibiting the erection and location of such a gasoline service station within 750 feet of another. After having applied unsuccessfully to the city for a variance therefrom, the appellant filed a suit in equity in the circuit court, seeking a preventive injunction to restrain the city from enforcing the ordinance as to his property, and a mandatory injunction to compel the city to grant him a variance.
On final hearing the trial court held in favor of the defendant city and dismissed the suit. The plaintiff appealed therefrom. The final decree, which deals adequately with the questions presented, was as follows :
“This cause came on to be heard before me on final hearing on a complaint filed in this Court by the Plaintiff, after the denial of the granting of a variance of the legislative body of the Defendant, City of Miami.
“The City of Miami zoning ordinance prohibits the construction of gasoline stations in certain commercial zones within 750' of an existing gasoline station and within 1050' of a church or school. City of Miami Zoning Ordinance No. 6871 permits gasoline stations to be constructed in the zoning district wherein Plaintiff’s property is located, but the usage is prohibited because of the proximity of another gasoline station within the prohibited 750' distance limitation.
“Extensive testimony was taken before this Court, and this testimony, all pleadings and exhibits, and argument of counsel, have been carefully considered. The validity, vel non, of this particular provision was established by the Supreme Court of Florida in State ex rel. Dallas Investment Co. v. Peace, 139 Fla. 394, 190 So. 607, followed by the District Court of Appeal of Florida, Third District, in City of Miami v. Stegemann, Fla.App.1964, 158 So.2d 583, and most recently in the cases styled City of Miami v. Thompson, 169 So.2d 838, and City of Miami v. Walker, 169 So.2d 842.
“The Court has considered the fact that the City has permitted numerous filling stations within the distance prohibitions of the ordinance and has granted numerous variances from this requirement. This, the Court finds to be no criteria to a determination of this cause. (City of Miami Beach v. State ex rel. Patrician Hotel Co., 145 Fla. 716, 200 So. 213). The Court finds that there are many other beneficial uses to which Plaintiff’s land can be put, and consequently, the ordinance cannot be said to be arbitrary or confiscatory, as applied to Plaintiff’s property (Forde v. City of Miami Beach, 146 Fla. 676, 1 So.2d 642, 645). Plaintiff has failed to show that the application of the ordinance to his property is arbitrary, discriminatory or unreasonable. It is, therefore,
“Ordered and Decreed, as follows:
“1. The Court has jurisdiction of the parties, subject matter and res.
“2. The equities are with the Defendant, City of Miami, and Plaintiff has failed to prove the essential allegations of the Complaint.
“3. The distance provisions of Ordinance No. 6871, the Comprehensive Zoning Ordinance of the City of Miami, pro *547 hibiting the property of the Plaintiff to be used for gasoline station purposes, is a proper exercise of the police power.
“It is, therefore, further Ordered and Decreed, that this cause be dismissed.
“Done and Ordered in Chambers, at Dade County, City of Miami, Florida, this 30 day of January, 1967.
“William A. Herin “Circuit Judge.”
We find little need to add to the holdings and opinion of the able chancellor as set forth in his decree. An additional point presented here was a contention that the court committed error in vacating a decree pro confesso which had been entered by the clerk for failure of the defendant to plead within the time required.
The decree pro confesso was set aside on motion of the defendant, without notice to the plaintiff, in June of 1966, and prior to the entry of any final decree. The rule which the appellant relies on as indicating that such action of the trial court was error (rule 3.10 F.R.C.P., 31 F.S.A.), is not applicable. The decree pro confesso was entered pursuant to rule 3.9 F.R.C.P. A distinction is recognized between the setting aside of a decree pro confesso before it becomes absolute, and the vacating of a default or decree pro confesso after final decree, under rule 3.10 F.R.C.P. Evans v. Tucker, 101 Fla. 688, 135 So. 305, 85 A.L.R. 170. Liberality is applied in the former instances, and an order setting aside such a decree pro confesso should not be disturbed on appeal except on a showing of gross abuse of discretion. See North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849. In the circumstances of this case we hold that the action of the trial court in setting aside the decree pro confesso and permitting the defendant City of Miami to file its answer instanter was not shown to be a gross abuse of discretion.
The appellant also contended the trial court committed error by not allowing the plaintiff to present the factual records of prior instances where the city had granted such variances. Had that been permitted it is reasonable to assume the defendant city would have desired to counter with presentation of the records and facts relating to applications for variances of that kind which the city had denied. We can not fault the trial judge for exercising his discretion not to so prolong and enlarge the trial. The trial court accepted as fact the plaintiff’s assertion that the city, in other instances, had granted variahces for use of property for gasoline service stations notwithstanding the 750-foot distance restriction, but held that was “no criterion to a determination of this case,” citing as authority the case of City of Miami Beach v. State ex rel. Patrician Hotel, 145 Fla. 716, 200 So. 213, in which it was held that the failure of a city in one case, or in many cases, to enforce regulations of an ordinance enacted under the police power, does not preclude the enforcement thereof in other cases.
No reversible error having been made to appear, the decree appealed- from is affirmed.
Affirmed.