PEARSON, Judge.
The City of Miami Beach, its mayor, city councilmen, and city clerk appeal a peremptory writ of mandamus which ordered the city council to change the liquor zoning district in which the appel-lee’s restaurant is located to one in which service bar licenses are permitted. The court entered no formal judgment before it issued the writ, although the entry of a formal judgment is part of the usual procedure to be followed by a court before it issues a peremptory writ of mandamus. City of Bradenton v. State ex rel. Perry, 118 Fla. 838, 160 So. 506, 508, 100 A.L.R. 400 (1935). But even without the entry of a formal judgment, the writ in the case before us is tantamount to a final judgment and therefore appealable. See Foley v. State ex rel. Gordon, Fla.1951, 50 So.2d 179, 186; cf. Dick v. State ex rel. Harris, Fla.App. 1963, 153 So.2d 844.
A city ordinance divides the City of Miami Beach into liquor zoning districts. The appellee owns a restaurant located in a “D” liquor zoning district, one in which the sale of liquor is prohibited except in clubs and in hotels of 100 or more guest rooms. Appellee may not sell liquor in its restaurant, because the restaurant is neither a club nor a hotel.
The restaurant contains 505 seats and has a total floor area of 6,930 square feet. A second city ordinance authorizes the issuance of service bar licenses to restaurants which have a floor area of 4,800 square feet and a seating capacity of 480 seats, provided such restaurants are within specified liquor zoning districts. After trial the court issued its peremptory writ and this appeal followed.
We have on a prior occasion considered the power of the City of Miami Beach to enact an ordinance establishing liquor zoning districts. See City of Miami Beach v. State ex rel. Pickin’ Chicken of Lincoln Road, Inc., Fla.App.1961, 129 So.2d 696. In that case we were called upon to review a judgment granting a peremptory writ of mandamus requiring the city to issue a liquor license to the owner of a restaurant located on the same corner as the restaurant involved in the present case. We held that an ordinance dividing the city into liquor zoning districts did not conflict with the state liquor licensing law and was not unconstitutional. Implicit in that holding is the principle that the establishment of liquor zoning districts is a valid exercise of the legislative authority of the city council.
Appellee has pointed out that in City of Miami Beach v. State ex rel. Pickin’ Chicken of Lincoln Road, Inc., above, we expressly made our opinion subject to the caveat:
* * * * * %
“The question of whether it is arbitrary and unreasonable and a denial of equal protection of the laws for the city to allow special liquor licenses, as exceptions to the population limitations to defined restaurants in some parts of the city, and to deny special liquor licenses to such restaurants in another part of the city (such as in this ‘D’ zoning district), was not pleaded or presented in argument and is not answered by this case.” 129 So.2d at 702.
The trial court in the instant case found:
******
“(d) The refusal of the City of Miami Beach to grant a change of district so as to allow the Relator a service bar license is arbitrary and unreasonable and a denial of equal protection of the law since the City has and does allow special liquor service bar licenses, as exceptions to the population limitations, to defined restaurants in different parts of the City, and has denied such special service bar license to the Relator, there being no substantial difference between the areas where the City has previously granted *498 such special liquor service bar licenses and the area wherein the Relator has sought such license.
“The license requested does not in any manner affect the public health, welfare, safety or morals.”
Appellee argues that the finding of the trial court that the city has allowed “special liquor service bar licenses, as exceptions to the population limitations” and has previously granted special liquor service bar licenses in the area where the relator has sought such a license amounts to a finding that the ordinance itself is arbitrary and unreasonable and a denial of equal protection of the law. We think this does not follow. The failure of a governing authority to enforce the law properly is not a ground for the courts to disregard that law. See City of Miami Beach v. State ex rel. Patrician Hotel Co., 145 Fla. 716, 200 So. 213, 218 (1941); City of Miami v. Walker, Fla.App. 1964, 169 So.2d 842. Moreover, the trial court did not find the ordinance void or unconstitutional nor did it find that the city council had been prompted by bias and political reasons in refusing to change the liquor zoning district as requested. Cf. City of Hialeah v. State ex rel. Daniels, Fla.App. 1957, 97 So.2d 198. We therefore conclude that the trial judge erred in issuing the peremptory writ of mandamus. Mandamus will not be used to control legislative acts. State ex rel. Lawler v. Knott, 129 Fla. 136, 176 So. 113, 118, (1937); State ex rel. Torrance v. City of Shreveport, 231 La. 840, 93 So.2d 187 (1957); Lamson v. Secretary of Commonwealth, 341 Mass. 264, 168 N.E. 2d 480 (I960); Erie Firefighters Local No. 293 of Intern. Ass’n of Firefighters v. Gardner, 406 Pa. 395, 178 A.2d 691 (1962).
We take special notice of a principle enunciated in City of Miami v. Kayfetz, Fla. 1957, 92 So.2d 798, 801:
“ * * * courts should be very cautious in declaring a municipal ordinance unreasonable, there being a peculiar propriety in permitting the inhabitants of a City through its proper officials to determine what rules are necessary for their own local government.”
and adhere to it in the instant case.
The judgment awarding the writ is reversed. The peremptory writ is quashed, and the cause is remanded with directions to dismiss the petition.
Reversed.