217 So.2d 603 (1969)
CITY OF MIAMI, a Municipal Corporation of the State of Florida, Appellant,
v.
John D. WYSONG and Forest E. Wysong, His Wife, Appellees.
No. 68-309.
District Court of Appeal of Florida. Third District.
January 14, 1969.
Alan H. Rothstein, City Atty., and Edward J. Fitzpatrick, Asst. City Atty., for appellant.
Moore, Welbaum, Zook & Jones, Miami, for appellees.
Before HENDRY and SWANN, JJ., and WHITE, JOSEPH S., Associate Judge.
SWANN, Judge.
The defendant below, City of Miami, appeals from an adverse final decree for the Wysongs.
The Wysongs are the owers of certain real property in Miami, Florida. It is located in a C-4 classification under the city zoning ordinance. This classification permits the erection of gasoline stations. Another provision of the ordinance, however, prohibits a gasoline station within 750 feet of other gasoline stations.
The Wysongs filed a complaint for equitable relief in the Circuit Court of Dade County seeking relief from the 750 foot distance requirement on the ground that its application to their specific property was arbitrary, unreasonable and unconstitutional. The answer of the City denied these allegations and a final hearing was held in the trial court.
The trial court in its final decree held that the distance limitation in the city ordinance was invalid, illegal, discriminatory and unconstitutional as applied to the property of the Wysongs. The City appealed to this court asserting that the Wysongs failed to carry the heavy burden required of them by law. They rely on City of Miami Beach v. Wiesen, Fla. 1956, 86 So.2d 442; and argue that a court should not substitute its judgment for that of a municipal legislative body where the question is fairly debatable. See City of Miami *604 Beach v. Lachman, Fla. 1953, 71 So.2d 148; Edelstein v. Dade County, Fla.App. 1965, 171 So.2d 611; Village of Virginia Gardens v. Johnson, Fla.App. 1962, 143 So.2d 692; Waring v. Peterson, Fla.App. 1962, 137 So.2d 268; and Town of Surfside v. Abelson, Fla.App. 1958, 106 So.2d 108.
There is a long line of Florida cases upholding the constitutionality of distance requirements between gasoline stations. See State ex rel. Dallas Inv. Co. v. Peace, 139 Fla. 394, 190 So. 607 (1939); Harz v. Paxton, 97 Fla. 154, 120 So. 3 (1929);[1] City of Miami v. Walker, Fla.App. 1965, 169 So.2d 842; City of Miami v. Stegemann, Fla.App. 1963, 158 So.2d 583; and Food Fair Stores, Inc. v. Zoning Board of Appeals, Fla.App. 1962, 143 So.2d 58.
The Wysongs rely primarily upon City of Miami v. Woolin, 387 F.2d 893, 894 (5th Cir.1968). That case involved property one block directly north of the Wysong property. The opinion of the Fifth Circuit therein stated:
* * * * * *
"The facts may be briefly stated. Plaintiff bought the property in question in 1947, and at that time could have built a filling station on the property but failed to do so. City ordinances which were passed in 1937, and amended after this suit was filed, prohibited the erection of filling stations within 350 yards of a church, hospital, or school, and within 750 feet of another filling station. Originally, as above indicated, the ordinance applied to all zones within the city, but the recent amendment now makes the distance requirements applicable only to two zones. Plaintiffs' property is still within one of these zones. The Court found that although filling stations were prohibited within the specified distance of churches, hospitals, or schools, no ordinance prohibits these structures from being built within 350 yards of a filling station. The city planning department recognized this as an indefensible contradiction. The Court also found that the distance requirements produced no greater safety than if the stations were closer together. There is also a noted lack of conformity within the city in the location of filling stations. For example, of the 455 stations in the city, 448 were within the prohibited distance of each other; 132 were within the prohibited distance of a church, hospital, or school and, in many situations, both at intersections and along highways, stations were clustered together. Much of this situation was brought about through variances granted by the city. Thus the District Court concluded that the ordinance has no real relation to the public health, safety, or welfare of the community.
"Appellees' most telling argument on the merits of the case are that the city is unable to show any justification for its ordinance in light of the fact that the distance requirements apply in only two zones within the city and there is no reasonable basis to conclude that safety is promoted through these requirements. These conclusions form the basis of appellees' equal protection and due process argument. * * *
* * * * * *
"After finding the foregoing facts, the District Court held that the city had offered no evidence to show any rationality for the distance requirement to be applied to the plaintiffs' property. Accordingly, the City of Miami was permanently enjoined from enforcing distance restrictions against plaintiffs' property or preventing them from constructing a gasoline filling station on the property due to such distance restrictions. * * *"
* * * * * *
The city admits that the 750 foot distance requirement is required in only two of the zoning classifications in the ordinance; *605 to-wit, C-2 and C-4, and in none of the several other zoning classifications.
The Wysongs presented evidence that a gasoline station on this property would have no detrimental affect on the surrounding property and that there was no reasonable necessity for a 750 foot distance requirement insofar as their property was concerned.
The city presented no evidence as to the rationale or logic for the applicability of the distance requirements in two of its zoning classifications established by the zoning ordinance and not any of the others. The city also presented no evidence as to what hazards are prevented by establishing a 750 foot distance requirement for gasoline stations in only two zoning classifications within the city. It might be that the storage of bulk gasoline presents a serious hazard to the public of fire or explosion. This court will take judicial notice that gasoline is inflammable and explosive. We are unable to take judicial notice of what constitutes a reasonable distance requirement for public safety between one gasoline station and another, and, since there was no evidence presented on this matter, we are unable to say that the 750 foot distance requirement bears a reasonable relationship to the public health, morals, safety or welfare.
The Wysongs, in our opinion, have successfully carried their burden as property owners in proving the 750 foot distance requirement was not a fairly debatable matter. See City of St. Petersburg, Florida v. Aikin, Fla. 1968, 208 So.2d 268 (opinion released October 30, 1968). Parenthetically, the prior decisions of this court which upheld the 750 foot distance requirement between gasoline stations in the City of Miami, were rendered prior to the time the City amended its zoning ordinance and we are faced here with the application of the new ordinance.
For these reasons the decision of the trial court be and the same is hereby
Affirmed.
NOTES
[1] See North Bay Village v. Blackwell, Fla. 1956, 88 So.2d 524.