**Horace THOMPSON, Plaintiff-Appellee,**

**v.**

**CITY OF MIAMI, Defendant-Appellant.**

**No. 27219.**

United States Court of Appeals
Fifth Circuit.

Nov. 3, 1969.

Rehearing Denied Dec. 2, 1969.

Alan H. Rothstein, City Atty., Edward J. Fitzpatrick, Jack R. Rice, Jr., Asst. City Attys., Miami, Fla., for defendant-appellant.

Peter C. Jones, Miami, Fla., for appellee; Moore, Welbaum, Zook & Jones, Miami, Fla., of counsel.

Before GOLDBERG, DYER and CARSWELL, Circuit Judges.

PER CURIAM:

In the District Court the appellee, Thompson, successfully challenged as unconstitutional the validity of Article IV, Section 25, of Ordinance No. 6871 of the City of Miami, which permits gasoline filling stations in zoning classification C–2 but prohibits their location within 750 feet of an existing station and within 1050 feet of a church or school. Thompson's property is located in the C–2 zoning classification and is within 565 feet from an existing church, 833 feet from another existing church, and 664 feet from the nearest gasoline station.

The District Court found, *inter alia*, that a filling station on Thompson's property would not be detrimental to the public health, safety, welfare or morals, and that the distance limitation as applied to the property in question was arbitrary and unreasonable.

The City of Miami asserts that the complaint should have been dismissed for lack of jurisdictional amount or, alternatively, that the decision on the validity of the ordinance should be reversed because there was no showing that the ordinance applied unequally to the same class of property owners, that there were other uses to which the property could be devoted, and that the "fairly debatable" doctrine enunciated in Village of Euclid, Ohio v. Ambler Realty Co., 1926, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 was applicable.

The District Court could not distinguish this case from City of Miami v. Woolin, 5 Cir. 1968, 387 F.2d 893, and City of Miami v. Wysong, Fla.App.1969, 217 So.2d 603, in which, under similar circumstances, the same ordinance was held invalid. Counsel for the appellant was likewise unable to do so and neither can we.

The judgment of the District Court is

Affirmed.