SWANN, Judge.
One of its residents, John C. Converse, sued the City of South Miami, Florida. He sought a declaration that two sections of the city zoning ordinance relating to home occupation licensing were so vague as to be void and invalid or that the City arbitrarily and discriminatorily refused to renew a home occupation license it had previously issued to him.
After a hearing the trial court found those sections of the ordinance valid and that the City had not discriminated in its enforcement of the ordinance against the plaintiff. He has properly appealed from that final judgment.
Plaintiff argues that the challenged sections of the ordinance do not set forth sufficiently specific standards for renewal of a home occupation license. An examination of the pertinent sections of the zoning ordinance reveals that it does contain sufficiently specific standards to govern the issuance of a license for a house occupation within the city. It also provides that such licenses are “renewable annually only by council action” and are granted to only one owner and are nontransferrable.
We hold the same standards apply to the renewal of this home occupation license as apply to the issuance of such license.
The charge that the City unlawfully discriminated against the plaintiff in failing to renew his home occupation license has been considered in light of the evidence in the record and is insufficient to warrant reversal. See City of Miami Beach v. State ex rel. Patrician Hotel, 145 Fla. 716, 200 So. 213 (1941); City of Miami Beach v. Lincoln Investments, Inc., Fla.App.1968, 214 So.2d 496; and City of of Miami v. Walker, Fla.App.1965, 169 So.2d 842.
The final judgment is
Affirmed.