QUESTION: Does the governing body of a municipality have the power under general law to establish, by ordinance, distance limitations between liquor vendors and other liquor vendors and between liquor vendors and churches and schools?
SUMMARY: A municipal governing body has the power, under s. 168.07, F. S. 1971 (as preserved in effect by s. 166.042(1), F. S.), and s. 562.45(2), F. S., to establish by ordinance distance limitations between liquor vendors and other liquor vendors and between liquor vendors and churches and schools provided such power is not exercised unreasonably and arbitrarily. Subject to the following discussion, your question is answered in the affirmative. Section 166.021, F. S., of the Municipal Home Rule Powers Act (Ch. 73-129, Laws of Florida), provides in part that the governing bodies of municipalities may exercise any power for municipal purposes and may enact legislation concerning any subject matter upon which the state Legislature may act except, inter alia, "any subject expressly preempted to state or county government by the constitution or by general law." In this regard, s. 5, Art. VIII, State Const., provides in part that: Local option on the legality or prohibition of the sale of intoxicating liquors, wines or beers shall be preserved to each county. . . . Where legal, the sale of intoxicating liquors, wines and beers shall be regulated by law. (Emphasis supplied.) The emphasized portion of the constitutional provision states that the sale of intoxicating liquors shall be regulated by law, which refers to an enactment of the Florida Legislature and not the legislation of a municipal governing body. See Grapeland Heights Civic Ass'n v. City of Miami, 267 So.2d 321, 324 (Fla. 1972). Thus, within the purview of the Municipal Home Rule Powers Act, I am of the opinion that the subject of the regulation of the sale of intoxicating liquors has been "expressly preempted" to state government by the Constitution and that if a municipality has the power to regulate any aspect of that sale, such power does not emanate from the grant of general home rule powers to municipalities under s.166.021. Cf. AGO 073-54; see also City of Miami v. Kichinko,22 So.2d 627, 629 (Fla. 1945), in which the Florida Supreme Court stated that the State Beverage Law "is a taxing as well as a regulatory statute intended to have uniform operation throughout the state." As to whether other provisions of law exist which may constitute a grant of power to municipalities to adopt the type of ordinances to which you refer, the power of municipalities in this respect was once expressed and direct. Section 561.44(1), F. S. 1971, formerly provided in part that municipalities
. . . are hereby given the power hereafter to establish zoning ordinances restricting the location wherein a vendor licensed under s. 561.34 may be permitted to conduct his place of business and no license shall be granted to any such licensee to conduct a place of business in a location where such place of business is prohibited from being operated by such municipal ordinance. . . . This provision, which together with s. 562.45(2), F. S., discussed infra, was interpreted as allowing municipal establishment of distance limitations between liquor vendors and other liquor vendors, and between liquor vendors and churches and schools, see Glackman v. City of Miami Beach, 51 So.2d 294 (Fla. 1951); State ex rel. First Presbyterian Church of Miami v. Fuller, 187 So. 145,150 (Fla. 1939), was deleted in a 1972 revision of the State Beverage Law. Chapter 72-230, Laws of Florida. However, in AGO 074-319, it was concluded that pursuant to s. 168.07, F. S. 1971 (as preserved in effect by s. 166.042(1), F. S.), and s.562.45(2), F. S., a municipal governing body can continue to regulate the "location of place of business" of any licensee under the State Beverage Law within the corporate limits of that municipality. Section 168.07, repealed by Ch. 73-129, Laws of Florida, provided in part that municipalities "may regulate and restrain tippling, barrooms and all places where beer, wine or spirituous liquor of any kind is sold. . . ." (Section 166.042(1) provides, in effect, that municipalities may continue to exercise all powers conferred on them by the statutory provisions repealed by Ch. 73-129, including s. 168.07. Cf. Penn v. Pensacola-Escambia Governmental Center Authority, 311 So.2d 97, 101 (Fla. 1975), wherein the court noted that s. 167.28, F. S. 1971, although repealed, is still viable as a grant of municipal power under Ch. 73-129.) And s. 562.45(2) provides as follows: (2) Nothing in the Beverage Law contained shall be construed to affect or impair the power or right of any incorporated municipality of the state hereafter to enact ordinances regulating the hours of business and location of place of business, and prescribing sanitary regulations therefor, of any licensee under the Beverage Law within the corporate limits of such municipality. (Emphasis supplied.) See Ellis v. City of Winter Haven, 60 So.2d 620, 622
(Fla. 1952), in which the Florida Supreme Court stated that s.562.45(2) "expressly reserved to the cities their power to regulate . . . location of places of business [of] . . . liquor establishments, as theretofore exercised by the cities under the authority of [s. 168.07]." Having thus previously concluded that municipalities may continue to regulate "the location of places of business" of liquor vendors, the determinative consideration here is whether such regulation may include the adoption and enforcement of the type of ordinances to which you refer. In this regard, in City of Miami Beach v. State ex rel. Patrician Hotel Co., 200 So. 213 (Fla. 1941), cited in AGO 074- 319, the Florida Supreme Court upheld a municipal ordinance which, generally, prohibited the sale of alcoholic beverages at any place of business located within 500 feet of another liquor vendor. Later, in City of Miami v. Kichinko, supra, the same court made clear that municipalities could regulate the sale of intoxicating liquors only to the extent permitted in the State Beverage Law. Then the court discussed its earlier decision in Patrician Hotel as follows: Insofar as our holdings here may appear to be in conflict with what was said in City of Miami Beach et al v. State ex rel. Patrician Hotel Co., 145 Fla. 716, 200 So. 213, the latter is overruled. We may say, however, that we apprehend that there is really no conflict. In the City of Miami Beach case we were considering an ordinance which precluded the issuance of a license to an applicant to engage in the business of a liquor dealer within 500 feet of the main entrance to the place of business of another licensed liquor vendor and, therefore, the ordinance there under consideration came within the purview of § 562.45 Fla. Statutes 1941, same F.S.A., as to "location of places of business." (Emphasis supplied.) Thus, the Florida Supreme Court has apparently already opined that the power of municipalities to regulate the "location of places of business," as reserved by s.562.45(2), F. S., encompasses the power to adopt the type of municipal ordinances to which you refer. Accordingly, I am of the opinion that, notwithstanding the repeal of s. 561.44(1), F. S. 1971, a municipal governing body has the power under s. 168.07, F. S. 1971 (as preserved in effect by s. 166.042(1), F. S.), and s.562.45(2) to establish by ordinance distance limitations between liquor vendors and other liquor vendors and between liquor vendors and churches and schools provided, of course, that such power is not exercised unreasonably and arbitrarily. See Glackman v. City of Miami Beach, supra. (For statutory exception, see s.563.02(1)(a), F. S.; cf. AGO 074-362.)