428 So.2d 726 (1983)
MERISTEM VALLEY NURSERY, INC., Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
Nos. 82-783, 82-1106.
District Court of Appeal of Florida, Third District.
March 15, 1983.
Rehearing Denied April 13, 1983.
*727 John G. Fletcher, South Miami, for appellant.
Robert A. Ginsburg, County Atty., and Eileen Ball Mehta, Asst. County Atty., for appellee.
Before HENDRY, NESBITT and BASKIN, JJ.
HENDRY, Judge.
By this consolidated appeal we are asked to review a temporary injunction which enjoined Meristem, the appellant herein, from maintaining upon its property a trailer and a shade house without a building permit or county approval, and a subsequent mandatory injunction to remove said structures. We affirm.
After taking possession of the subject property, Meristem replaced an existing trailer on the property with a similar one, and rebuilt a shade house without a building permit or County approval. When Meristem's neighbor complained to the County about these structures, enforcement proceedings were instituted. Meristem then applied to the Board of County Commissioners for an unusual use and non-use variance in order to maintain the trailer and shade house. The Commission denied this request and on July 16, 1981 the County filed the instant action to enjoin Meristem from maintaining the structures, alleging that the shade house was constructed without a building permit or certificate of use and occupancy in violation of Section 8-1 and Section 33-8 of the Code of Metropolitan Dade County[1] respectively, and that maintenance of the trailer violated Section 33-168 of the Code.
On October 26, 1981 following a hearing, the trial court entered the first of the two orders appealed enjoining Meristem from maintaining the structures on its property, but staying the injunction for a period of twenty-five days to allow Meristem to apply for and obtain the necessary permits or approval. Meristem moved for a new trial on the grounds that it was not the property owner and there was no proof that it had violated any ordinance, and also moved to amend the judgment to extend the time allowed for compliance with the order. While these motions were pending, but beyond the twenty-five day period of the court's order, Meristem applied to the Dade County Zoning Appeals Board for an unusual use and non-use variance. This request was denied on February 24, 1982.[2] Also during this time, the County moved to dissolve the stay contained in the order granting injunctive relief and moved to find Meristem in contempt because it failed to seek a permit or authorization for the facilities within the twenty-five day period in the order. Meristem's motions to amend and for new trial were finally denied March 18, 1982, and for the first time Meristem applied for a building permit for the shade house and appealed the temporary injunction to this court. Meristem's application for a permit and certificate of use and occupancy for the shade house was denied by the Dade County Building and Zoning Department on April 22, 1982. On May 12, 1982 the trial court entered the second order appealed, directing Meristem to remove the structures for failure to make said applications within twenty-five days of the original order. This appeal followed.
Meristem attacks the injunctive orders on three grounds: first, it argues that enforcement of the ordinance in this case is a denial of equal protection as the ordinance is only enforced upon citizen complaint; second, it is argued that the temporary injunction ordering Meristem to apply for and obtain the necessary permits and/or authorizations within twenty-five days was overly broad as it required more of Meristem than was requested by the County, and the time limit imposed was more restrictive than the applicable ordinances; third, Meristem *728 alleges that the trial court erred in entering the mandatory injunction as Meristem had complied with the original order of the court since that order did not become final until disposition of the motion for new trial.
We may summarily dispose of Meristem's constitutional argument as there is no denial of equal protection as a result of the County's enforcement of the ordinances against Meristem in this case. The ordinances themselves are valid on their face. Meristem's contention that County ordinances are never enforced with respect to trailers and shade houses and that by singling out Meristem for unequal treatment because of a citizen's complaint the law is unconstitutional as applied finds no support in the record or the law. The Florida Supreme Court has held that mere failure to prosecute all offenders is no ground for a claim of denial of equal protection, and that in order to constitute such a denial, selective enforcement must be deliberately based on an unjustifiable or arbitrary classification. Bell v. State, 369 So.2d 932 (Fla. 1979) and cases cited. See also Stocks v. Lee, 144 Fla. 627, 198 So. 211 (1940) (failure of authorities to enforce an ordinance against others constitutes no defense in favor of one who is prosecuted under such ordinance); City of Miami Beach v. Lincoln Investments, Inc., 214 So.2d 496 (Fla.3d DCA 1968) (failure of governing authority to properly enforce the law is not a ground for the courts to disregard that law); City of Miami v. Walker, 169 So.2d 842 (Fla. 3d DCA 1964), cert. denied, 176 So.2d 511 (Fla. 1965) (failure of city to enforce zoning regulation in one case or in many cases, does not affect the power to enforce it in others). We find that enforcement of the ordinances in this case, whether the result of a neighbor's complaint or otherwise, is not deliberately based on an "unjustifiable or arbitrary classification." Meristem has failed to demonstrate that others similarly situated, that is, nursery owners who have not obtained permits for a trailer or shade house, would not likewise be enjoined. Moreover, Meristem has failed to show that violations of the ordinances by others have come to the attention of the County but have not been prosecuted. Testimony by one neighboring nurseryman that he has no permit for his shade house and doesn't know of anyone who has, does not demonstrate selective and discriminatory enforcement of the zoning laws in violation of equal protection as guaranteed by the United States and Florida constitutions.
Although there was a sound basis for the grant of injunctive relief in this case, see Section 33-39 of the Code of Metropolitan Dade County, we must agree with Meristem's second contention which alleges that the temporary injunction was overly broad. The order not only required more of Meristem than the County had requested (which was merely that it seek the proper permits  not necessarily obtain them within twenty-five days, a matter beyond its control and in the hands of the County Building Department, see Section 302.1, South Florida Building Code), but the time limit contained therein was more restrictive than the applicable ordinances. The order should have directed Meristem only to apply for said permits within the twenty-five day time period.
Despite the overbreadth of the temporary injunction, we nevertheless determine that the trial court's subsequent order of May 11, 1982 mandating removal of the two structures was properly entered and reject Meristem's final contention. An injunction granted by a court having jurisdiction must be obeyed until vacated or modified by that court or until reversed on appeal, no matter how unreasonable or erroneous its terms. Seaboard Air Line Ry. Co. v. Tampa Southern R. Co., 101 Fla. 468, 134 So. 529 (1931); Health Clubs, Inc. v. State ex rel. Eagan, 377 So.2d 28 (Fla. 5th DCA 1979), dismissed, 383 So.2d 1191 (Fla. 1980). As there is no dispute that the lower court had jurisdiction over the parties and issues, Meristem was required to comply with the order notwithstanding its motions for amendment and new trial, and its failure to do so subjected it to the mandatory injunction entered below. Furthermore, *729 Meristem has not provided us with any grounds for reversal of the trial court's orders  the structures were unlawful at the time of entry of the temporary injunction, unlawful at the time of entry of the subsequent injunction, and are, at this precise moment, still unlawfully present on Meristem's property. Aside from its equal protection argument which we have refuted, Meristem has failed to advance any reason why the law should not be applied in this case. Even though the original order was overly broad, the trial court was clearly empowered to order the structures removed immediately; its generous allowance of further time to resolve the problem should not serve to defeat the subsequent order particularly in light of the fact that Meristem made no attempt to comply with the order by even applying for the proper permits, preferring, rather, to continually petition the Board of County Commissioners for exemptions from the law. Finally, were we to reverse the orders below, we would, in effect, be licensing Meristem's use of these illegal structures since it has exhausted all conceivable avenues of relief  both the Dade County Zoning Appeals Board and the Board of County Commissioners have denied its applications for variances, and its application for a permit and certificate of use and occupancy for the shade house[3] was denied by the Dade County Building and Zoning Department on April 22, 1982.
Accordingly, because we find no grounds for reversal, the orders are affirmed and the stay issued by this court is dissolved.
Affirmed.
NOTES
[1] See section 301, South Florida Building Code. This Code was adopted in its entirety by Section 8-1 of the Code of Metropolitan Dade County.
[2] Meristem appealed the denial of this request to the Board of County Commissioners on March 10, 1982. We do not know the outcome of this action.
[3] Meristem failed to seek a building permit for the construction of a permanent structure on the subject property as an alternative to obtaining approval for the trailer. The original injunction provided for either action.