PER CURIAM.
This is an appeal by the developers of a condominium project [Edward N. Gellman, et al.] from a final judgment awarding to the condominium associations formed in the above project [Eden Point South Association, Inc. and Eden Point North Association, Inc.] certain monies deposited by the developers with the City of North Miami Beach for the construction of sidewalks along the frontage of the project, which sidewalks were never built. We affirm the final judgment based on the following, briefly stated legal analysis.
First, the governing municipal ordinance of the City of North Miami Beach provides that if the city has not exercised its option within ten years to construct a sidewalk on property for which it has compelled a sidewalk deposit, as here, “it shall upon application, refund the deposit to the owner(s) or successors in title.” § 19-46, North Miami Beach Code. The term “owner(s)” is defined to mean “the person(s) *44 who advanced the deposit herein mentioned,” and “successors in title” is defined to mean “the person(s) who, at the time referred to are shown as the owner(s) of the property on the tax roll of the City.” Id.
Second, the condominium unit owners, as represented by the condominium associations in this case, are, under the above ordinance, the “successors in title” to the land on which the developers built the subject project because they are listed on the tax rolls of the City of North Miami Beach and Dade County as, in effect, the owners of the subject property, as lessees. The record shows that the condominium unit owners own the fee title to the land on which the buildings in the project rest, and, in addition, hold a ninety-nine-year lease on the land surrounding such buildings, which lease requires said unit owners to pay all the taxes and assessments imposed by government entities with respect to the land. For purposes of the above ordinance, then, the condominium unit owners are the owners of the property as shown on the tax roll of the city, and are, accordingly, the “successors in title” to the land, which entitles them to the return of the sidewalk deposit in this ease. § 19-46, North Miami Beach Code; compare Williams v. Jones, 326 So.2d 425 (Fla.), cert. dismissed, 429 U.S. 803, 97 S.Ct. 34, 50 L.Ed.2d 63 (1976); State Road Dept. v. White, 148 So.2d 32 (Fla. 2d DCA 1963), cert. discharged, 161 So.2d 828 (Fla.1964).
Third, we see no unjust enrichment in awarding the sidewalk deposit monies to the condominium associations. It is plain that the deposits were made by the developers for the benefit of the condominium unit owners, not the developers, and, as such, the developers have no equitable claim thereon. If a sidewalk had been built with these monies, the developers could not have demanded payment from the unit owners. Similarly, where a sidewalk is not built, as here, the developers are in no better position as the monies involved do not belong to them. Moreover, the unit owners, not the developers, will be required to pay for any sidewalk in the future in the event the City of North Miami Beach requires such a sidewalk. This being so, it is clear that there is no unjust enrichment here and that the subject ordinance was in no sense applied in an unconstitutional manner. See Sarasota County v. Barg, 302 So.2d 737 (Fla.1974); Meristem Valley Nursery, Inc. v. Metropolitan Dade County, 428 So.2d 726 (Fla. 3d DCA 1983); Town of Bay Harbor Islands v. Burk, 114 So.2d 225 (Fla. 3d DCA 1959).
Finally, we see no merit in the remaining contentions of the developers, and, accordingly, the final judgment under review is, in all respects,
Affirmed.