HURLEY, Judge.
Lawyer’s Title Insurance Corporation appeals from a summary judgment in favor of the City of West Palm Beach which upheld the latter’s imposition of an occupational license tax on insurance companies located in the city, and further upheld such tax on Lawyer’s Title as an “abstract company.” We agree that the municipality may properly levy the occupational license tax on insurers but, finding a factual issue as to whether Lawyer’s Title is an “abstract company,” we reverse that portion of the judgment.
Lawyer’s Title commenced this action against the City of West Palm Beach with a two count complaint. Count I alleged a class action on behalf of itself and all insurance companies which were licensed by the State of Florida and had paid an occupational license fee to the City. Count II was brought in an individual capacity and alleged that the City was wrongfully assessing an occupational license tax against Lawyer’s Title for operating an abstracting company within city limits since Lawyer’s Title was not an abstracting company and had not performed any acts constituting abstracting. Following motions for summary judgment by both parties, the trial court entered summary judgment for the City on both counts. It held that while an occupational license tax based on premiums, income, or volume of transactions may not be levied on an insurer, the City could properly levy the tax if it is not keyed into those bases. Additionally, the City’s right to tax Lawyer’s Title as an abstracting company was upheld.
Section 205.042, Florida Statutes (1979), grants municipalities the authority to levy an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within their jurisdiction. Specifically, Section 205.042 provides:
The governing body of an incorporated municipality may levy, by appropriate resolution or ordinance, an occupational license tax for the privilege of engaging in or managing any business, profession, or occupation within its jurisdiction. However, such governing body shall first give at least 15 days’ public notice between the first and last reading of such resolution or ordinance by publishing such notice in a newspaper of general circulation within its jurisdiction as defined by law. The said public notice shall contain the proposed classifications and rates applicable to the occupational license tax which is the subject thereof. Such occupational license tax may be levied on:
(1) Any person who maintains a permanent business location or branch office within said municipality, for the privilege of engaging in or managing any business within its jurisdiction.
(2) Any person who maintains a permanent business location or branch office within said municipality, for the privilege of engaging in or managing any profession or occupation within its jurisdiction.
(3) Any person who does not qualify under the provisions of subsection (1) or subsection (2) and who transacts any business or engages in any occupation or profession in interstate commerce, if such license tax is not prohibited by s. 8 of Art. I of the United States Constitution.
Pursuant to this authority, the City of West Palm Beach enacted Chapter 29 of its City Code which imposes an occupational license tax on various businesses and professions. Among these is the insurance industry which, under the City Code, is subject to an occupational license tax assessed on a per company, agency, branch, salesman *546 and agent basis. It is this tax which forms the basis of the class action alleged in Count I of the complaint herein. Lawyer’s Title argues on appeal that this tax is an unlawful exercise of the taxing power and is specifically barred by Section 624.401(3), Florida Statutes (1979). On the contrary, we believe that appellant’s reliance on this section is misplaced and, in fact, the tax herein is supportable under other provisions of the Florida Insurance Code.
Section 624.401(3) deals with the state’s preemption of the regulation of insurers and their agents and representatives as follows:
This state hereby preempts the field of regulating insurers and their agents and representatives, and no county, city, municipality, district, school district, or political subdivision shall require of any insurer, agent, or representative regulated under this code any authorization, permit, or registration of any kind for conducting transactions lawful under the authority granted by the state under this code.
While municipalities are permitted to impose regulatory fees under Section 166.221, Florida Statutes (1979), the city concedes on appeal that a regulatory fee on insurers would not be permitted pursuant to this section in light of Section 624.401(3), since Section 166.221 specifically provides:
A municipality may levy reasonable business, professional, and occupational regulatory fees, commensurate with the cost of the regulatory activity, including consumer protection, on such classes of businesses, professions, and occupations, the regulation of which has not been preempted by the state or a county pursuant to a county charter.
(Emphasis added.)
As noted above, however, Chapter 29 of appellee’s City Code, which imposed the disputed tax, was enacted under the authority of the previously-quoted Section 205.042, dealing specifically with occupational license taxes. In this context, two other sections of the Insurance Code discussed below are more relevant.
Referring specifically to the imposition of a license tax by a municipality, Section 624.520(1), Florida Statutes (1979), provides:
This state hereby preempts the field of imposing excise, privilege, franchise, income, license, permit, registration and similar taxes and fees, measured by premiums, income, or volume of transactions, upon insurers and their agents and other representatives, and no county, city, municipality, district, school district, or other political subdivision or agency in this state shall impose, levy, charge or require the same, subject however to the provisions of subsection (2).
(Emphasis added.)
In addition, Section 624.507, Florida Statutes (1979), allows for a license tax as to insurance agents and solicitors in particular:
Municipal corporations may require a license tax of insurance agents and solicitors not to exceed 50 percent of the state license tax specified as to such agents and solicitors under this part chapter, and unless otherwise authorized by law. Such a tax may be required only by a municipal corporation within the boundaries of which is located the agent’s business office, or if no such office is required under this code, by the municipal corporation of the agent’s place of residence.
Having considered these sections together, and in the context of the Insurance Code as a whole, we find that the occupational license tax at issue herein, while fitting into the tax categories listed in Section 624.-520(1) is not keyed into “premiums, income, or volume of transactions.” As such, it is not within the purview of that section’s preemption, but rather, constitutes an exception thereto. Thus, the imposition of the occupational license tax on insurance companies within the City of West Palm Beach was within appellee’s power and, there being no factual issue to be resolved, summary judgment was proper as to Count I of the complaint.
As to the summary judgment allowing the City to tax Lawyer’s Title as an abstracting company, we believe reversal is *547 mandated. While the City offered an affidavit of the City Clerk indicating that Lawyer’s Title had advertised in the yellow pages of the telephone book under “Ab-stracters” from 1971 to 1979, Lawyer’s Title presented a deposition of one of its agents wherein the agent .testified that Lawyer’s Title had not been in the business of abstracting since 1974 and that he had contacted the telephone company on a number of occasions regarding removal of the advertisement. Since these portions of the record reveal that an issue of material fact has clearly been raised, summary judgment on Count II was improper.
Accordingly, we affirm the summary judgment as to Count I, reverse as to Count II, and remand for further proceedings.
Affirmed in part, reversed in part, and remanded.
ANSTEAD, J., and RIVKIND, LEONARD, Associate Judge, concur.