The Honorable Samuel J. Feiner Mayor City of Key Colony Beach Post Office Box 141 Key Colony Beach, Florida 33051
Dear Mayor Feiner:
This is in response to your request for an opinion on substantially the following question:
 MAY A MUNICIPALITY REQUIRE A LOCAL OCCUPATIONAL LICENSE FOR THE OPERATION OF A BAR IN ORDER TO CONTROL THE ISSUANCE OF LICENSES WITH CRITERIA ESTABLISHED BY THE MUNICIPALITY?
While you question whether a municipality may require a local occupational license for the operation of a bar, the issue of the authority for a municipality to regulate such businesses is also raised in your inquiry. There is, of course, a distinction between an occupational regulatory fee or license imposed pursuant to the authority contained in s 166.221, F.S., and an occupational license tax, levied pursuant to the authority contained in s205.042, F.S. See, for example, Lawyer's Title Insurance Corp. v. City of West Palm Beach, 402 So.2d 544 (4 D.C.A.Fla., 1981).
Section 166.221, F.S., authorizes municipalities to levy reasonable business and occupational regulatory fees that are commensurate with the costs of the regulatory activity on such classes of businesses and occupations, the regulation of which has not been preempted by the state. Thus, a municipality may regulate and impose regulatory fees on a business, profession or occupation if the regulation of such business, profession, or occupation has not been preempted by the state. See, e.g., AGO 81-50 which concluded that the regulatory licensing of real estate brokers and salesmen is preempted to the state by Ch. 475, F.S., and therefore that municipalities are precluded from licensing and regulating real estate brokers and salesmen. See also, AGO 76-219.
Section 5 of Art. VIII, State Const., in relevant part provides:
 Local option on the legality or prohibition of the sale of intoxicating liquors, wines or beers shall be preserved to each county. . . . Where legal, the sale of intoxicating liquors, wines and beers shall be regulated by law.
This language requires that the sale of intoxicating liquors where allowed shall be regulated by law, which is an enactment of the State Legislature and not the legislation of a municipal governing body. See, Grapeland Heights Civic Ass'n v. City of Miami,267 So.2d 321, 324 (Fla. 1972). Thus, this office has concluded that the subject of the regulation of the sale of intoxicating liquors has been preempted to the state by the Constitution. See, AGO 76-40; cf., AGO 73-54; see also, City of Miami v. Kichinko,22 So.2d 627, 629 (Fla. 1945), in which the Florida Supreme Court stated that the State Beverage Law "is a taxing as well as a regulatory statute intended to have uniform operation throughout the State."
However, this office has concluded that a municipality may continue to regulate the "location of place of business" of any licensee under the State Beverage Law within the corporate limits of that municipality as well as the hours of business of the vendors of intoxicating liquors. See, AGO's 76-40, 74-362, 74-319. Subsection (2) of s 562.45, F.S., provides:
 Nothing in the Beverage Law contained shall be construed to affect or impair the power or right of any incorporated municipality of the state hereafter to enact ordinances regulating the hours of business and location of place of business, and prescribing sanitary regulations therefor, of any licensee under the Beverage Law within the corporate limits of such municipality.
In Ellis v. City of Winter Haven, 60 So.2d 620, 622 (Fla. 1952), the Florida Supreme Court stated that s 562.45(2), F.S., "expressly reserved to the cities their power to regulate . . . location of places of business [of] . . . liquor establishments, as theretofore exercised by the cities under the authority of [s. 168.07]." See also, City of Miami Beach v. State ex rel. Patrician Hotel Co., 200 So. 213 (Fla. 1941), in which the supreme court upheld a municipal ordinance which, generally, prohibited the sale of alcoholic beverages at any place of business located within 500 feet of another liquor vendor. Therefore, generally, while the regulation of the sale of intoxicating liquors has been preempted to the state, s 562.45(2), F.S., reserves to municipalities the right "to enact ordinances regulating the hours of business and location of place of business, and prescribing sanitary regulations therefor, of any licensee under the Beverage Law within the corporate limits of such municipality."
In regard to requiring a business selling intoxicating liquors to pay an occupational license tax, s 4 of Ch. 71-361, Laws of Florida, repealed the authorization for a municipality to exact a license tax on the manufacture, distribution, transportation, importation, or sale of alcoholic beverages or on a caterer or club having a place of business within the corporate limits. See, s 561.36, F.S. 1969. The Legislature, in lieu of this repealed authorization for a municipal license tax, established a procedure for a percentage of the state license taxes on the alcoholic beverage business to be returned to the municipality where the tax is collected. See, s 6, Ch. 71-361, Laws of Florida, presently codified and amended as s 561.342(2), F.S. This office has stated that "[t]his revenue sharing procedure appears to have been intended by the Legislature as a substitute for the previous system which had authorized a separate municipal tax." See, AGO 81-40; see also, AGO 79-36.
The inherent power of the Legislature to impose taxes upon professions, trades, occupations, businesses and privileges is limited only by restrictions contained in the State or Federal Constitution. See generally, 51 Am.Jur.2d Licenses and Permits s 4 (1970); see also, Amos v. Mathews, 126 So. 308, 315 (Fla. 1930). Thus, as a general rule, the power to levy excise, occupational, or other taxes which are in the nature of license or privilege taxes may be exercised on any business, profession, or occupation.See, 53 C.J.S. Licenses ss 4 and 6(a)(2) (1948); Amos v. Gunn, 94 So. 615, 640 (Fla. 1922). A municipality, however, like other units of local government, has no inherent power to impose taxes; the taxing power for units of local government must be derived from the state. See, ss 1(a) and 9(a), Art. VII, State Const., s 166.201, F.S.; see also, Contractors and Builders Association of Pinellas County v. City of Dunedin, 329 So.2d 314,317 (Fla. 1976); Belcher Oil Company v. Dade County, 271 So.2d 118,122 (Fla. 1972); and see generally, 53 C.J.S. Licenses ss 9 and 10 (1948). The license taxation power may be delegated by the Legislature to the municipalities by general law. See, s 9(a), Art. VII, State Const.
Section 205.042, F.S., as amended, provides the authorization for municipalities to levy "an occupational license tax for the privilege of engaging in or managing any business, profession or occupation within its jurisdiction," subject to the conditions provided therein. See also, s 205.043, F.S. (1982 Supp.), which specifies conditions on the authority of municipalities to levy occupational license taxes. Such license tax may be levied on any person who maintains a permanent business location or branch office within that municipality for the privilege of engaging in or managing any business within its jurisdiction. Section205.042(1), F.S.
However, s 205.042, F.S., must be read with subsection (3) of s561.342, F.S., enacted as part of the act repealing the authorization for a municipal license tax on the sale of alcoholic beverages and part of the new statute (at that time) creating a revenue sharing procedure for municipalities. See, s 561.342(3), F.S. This subsection provides:
 No tax on the manufacture, distribution, exportation, transportation, importation, or sale of such beverages shall be imposed by way of license, excise, or otherwise by any municipality, anything in any municipal charter or special or general law to the contrary notwithstanding. (e.s.)
This language of subsection (3) of s 561.342, F.S., clearly prohibits a municipality from imposing a license tax on the sale of alcoholic beverages, and constitutes an exception to or limitation on the license tax authority of municipalities granted by s 205.042, F.S. See, AGO's 81-40, 79-36.
In conclusion, it is therefore my opinion that while the regulation of the sale of intoxicating liquors has been preempted to the state, s 562.45(2), F.S., reserves to municipalities the right to regulate the hours of business and location of place of business and sanitary conditions of such businesses; however, s561.342(3), F.S., prohibits municipalities from imposing an occupational license tax on the sale of alcoholic beverages, and constitutes an exception to or limitation on the license tax power of municipalities granted by s 205.042, F.S.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General